Opinion of the Court.
THIS was a suit in chancery, with injunction, brought by Moffett to be relieved from a judgment recovered against him at law by White. The pleadings in the cause are of a very singular and peculiar cast, and the grounds upon which relief is sought, are not detailed with great perspicuity. It is, however, to be *325 inferred, that the judgment at law was recovered in an action on the case, prosecuted against Moffett by White, and after an unavailing attempt to defeat a recovery at law, Moffett has sought to be relieved from the judgment, in equity, on the ground of the amount recovered having been won by White at unlawful games at cards. As an apology for applying to a court of equity, Moffett alleges that at the trial of the action at law, he was unable to establish the fact of the demand of White being won at cards; and owing to his being intoxicated when the gaming took place, he could not recollect by whom it might be proved, and was compelled to rest his defence on the examination of witnesses introduced by White, and he calls on White for a discovery of the real transaction on which the demand at law is based, &c.
The court below being of opinion that after having failed in his defence at law, Moffett could not be relieved in equity, pronounced a decree dismissing his bill and dissolving his injunction.
This court perceives no objection to the decree which was pronounced by that court. If no defence had been made at law, there could have been no question of the propriety of Moffett’s applying for relief to a court of equity. Courts of equity have frequently interposed in this country, as well as in England, to prevent the collection of money won at unlawful games, when payment was secured by obligation on the losing party ; and the reason is equally strong in favor of relief, where there is no such obligation.
Under the statute on that subject, all contracts to pay money lost at such games, whether in writing or by parol, are equally void, and the losing party may, in either case, elect to defend in a court of law or equity. But as his defence is admissible in both courts, after an attempt at defence in either, the loser ought not to be permitted to bring the same defence again in litigation in the other court; for it is an established rule, that the decision of a court of competent jurisdiction is conclusive between the same parties, on the same matter, in all other courts of coordinate jurisdiction. It is true, that in this case Moffett has alleged an inability to prove the gaming transaction at law, and has called on White for a discovery; but it is equally true, be attempted to prove it by the examina *326 tion of witnesses, and the discovery now sought is but an attempt to procure more evidence, to prove a fact which he attempted to prove at law.
Having, therefore, attempted his defence at law, Moffett should not be allowed to investigate the same matter in equity ; and consequently, his bill was properly dismissed.
Decree affirmed.