## OMMEN v. TALCOTT.

(District Court, S. D. New York. July 23, 1910.)

1. EQUITY (§ 428*)—DECREE—ENROLLMENT.

In federal courts, and in the American equity practice generally, there has never been an enrollment of the decree in the old English sense; but the decree is regarded as recorded and enrolled at the conclusion of the term.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1015–1019; Dec. Dig. § 428.*]

2. EQUITY (§ 428*)—DECREE—ENTRY—FEES.

Under Rev. St. § 828 (U. S. Comp. St. 1901, p. 635), providing that the clerk shall be paid his fees for entering a decree, the clerk may refuse to enter a decree until his fees are paid, and the decree, though remaining physically in the clerk's office, is neither effective nor entered until the fees are paid.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 428.*]

3. EQUITY (§ 428*)—DECREE—SIGNATURE.

Though the practice exists in the federal courts of signing decrees, a decree may pass on an oral direction by the judge in open court to enter it; the judge's signature being only evidence to the clerk that it has in fact been passed, so that he may safely enter it.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 428.*]

4. APPEAL AND ERROR (§ 440*)—CORRECTION OF JUDGMENT AFTER APPEAL TAKEN.

The court has power to correct a misprision of the clerk as to the date of entry of a decree, though the term has expired and an appeal has been taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2201; Dec. Dig. § 440.*]

5. EQUITY (§ 428*)—ENTRY OF DECREE—DATE—CORRECTION.

Final decree was signed by the judge April 25, 1910, and was taken at once to the clerk's office, and there remained until May 17, 1910, when complainant's attorneys paid the fees for entry, and it was then marked "Filed"; the "record of the case" containing the statement that the court caused the final decree to be entered "on the 25th day of April, 1910." Held, that the recital as to the date of entry was a misprision, and should be corrected nunc pro tunc to recite that it was entered May 17, 1910.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 428.*]

Action by Alfred E. Ommen, as trustee of the estate in bankruptcy of the John A. Baker Notion Company, against James Talcott. On petition to amend the final record. Granted.

See, also, 175 Fed. 259, 261.

Fried & Czaki, for complainant.
Rounds & Schurman, for defendant.

HAND, District Judge. The question raised by this motion is as to the change in the "final record of the case" in an equity suit in this court. I signed a final decree for the complainant on April 25, 1910, and it was then at once taken to the office of the clerk and left there, where it remained until May 17, 1910. On that day the attorney for the complainant paid the fees, which are, under Rev. St. § 828 (U. S. Comp. St. 1901, p. 635), necessary to procure its entry, and it was marked "Filed" May 17, 1910. Subsequently and in due course it was entered upon the minutes of the clerk. An appeal has been taken and citation allowed to the Circuit Court of Appeals. The clerk, as is the custom in equity cases in this circuit, both in the District and Circuit Courts, has made up a "final record of the case," which consists of the pleadings, a copy of the decree as entered, and a final statement showing the proceedings and adjudging the costs, which are entered in this final record. All this was done in the May term, and contained the words: "On the 25th day of April, 1910, the said court caused a final decree to be entered herein." The defendant wishes the words "the 25th day of April, 1910," changed to "the 17th day of May, 1910."

According to the ancient practice in equity, the registrar took minutes of the decree as delivered in court, and from these, if the parties did not object, the clerk upon his own minutes entered the final decree. Correction of that decree before entry could be made by the registrar or the court. The entry of the decree, however, was not, under ancient equity practice, enough to make it effective, or at least it was not final until it had been enrolled. Enrollment took place when the solicitors procured a copy of the decree from the minutes, called the "docket," which was signed by the Chancellor after being carefully compared with the decree as entered, and the docket was finally copied upon parchment rolls by the clerk of the court and deposited with the keeper of the rolls for preservation. This made it a final decree. Street, Federal Equity Practice, §§ 1971–1979 (a most estimable book). In our courts, and in American equity practice generally, there has never been an enrollment in the old English sense; but the bill is regarded as recorded and enrolled at the conclusion of the term. Whiting v. Bank of the United States, 13 Pet. 6, 10 L. Ed. 33.

Moreover, there has been a practice in this circuit for a period, as Mr. Shields tells me, of 55 years, to add to the final decree, as it is signed by the judge and entered, a paper, signed by the clerk and known as the "final record of the case," which may have been intended as the equivalent of the enrollment of the decree, although I cannot ascertain what was its origin. This "final record" is the paper which I am now asked to correct in this case, and it recites that the final decree was entered on the 25th day of April. The question is whether that entry was correct or not. I think it was not correct. The statute (Rev. St. § 828) provides that the clerk shall be paid his fees for entering a decree, and those fees were not paid until the 17th of May. Had they never been paid, the clerk would have been justified in refusing to enter the decree at all (Steever v. Rickman, 109 U. S. 74, 3

Sup. Ct. 67, 343, 27 L. Ed. 861), and, although it remained physically in the office of the clerk, the condition precedent upon its entry would never have arisen, unless the clerk chose to waive it and pay the fees himself.

Of course, the date might be held to relate back after the fees were paid, but such relation back is a fiction, and I see no ground in justice for implying a fiction in such a case. The date of entry is important, generally speaking, only in respect of the time to appeal, and if the successful party fails to pay his fees there is no reason in justice to set the time to appeal running against his opponent before he does so. Mr. Shields tells me that he has some recollection of a decision of Mr. Justice Blatchford, while Circuit Judge, that the date of entry was to be taken as the date of the caption of the decree, which is presumptively when it passed. His recollection is, however, too uncertain to serve as a safe precedent, and I see no reason to adopt the fiction of a relation, especially as the entry of the decree is by all the authorities different from the date when it passes. It has been suggested that there are authorities to the effect that in equity a decree becomes effective for all purposes upon its signature by the judge. But this was certainly not the case in the ancient English equity practice, upon which ours is founded, and I find no authorities which change it.

The complainant, in the citations of New York cases, has failed to distinguish between entry and enrollment. All those decisions, which were made before the Code went into effect, and while anybody knew anything about the matter, were to the effect that, after entry, but before enrollment, of a decree, it might yet be accepted in evidence by another court. The cases after the Code are of no authority. No case have I found, or has Mr. Shields been able to find for me, which decides that a decree has any effect at all before entry. Indeed, it ought not, strictly speaking, to be signed at all. Although the practice exists in this circuit of signing decrees, a decree would pass upon an oral direction by the judge in open court to enter it, and the signature is only evidence to the clerk that it has in fact passed, so that he may safely enter it. While, of course, the date of physical entry upon the minutes is of no consequence, all the conditions precedent to entry must be fulfilled before the entry itself may be deemed made.

In regard to the power of a court to change its records after appeal, the complainant is mistaken. The fact of an appeal has nothing to do with the right of this court to change its record so as to conform to the facts and to correct a misprision of the clerk. Hovey v. McDonald, 109 U. S. 150, 157, 158, 3 Sup. Ct. 136, 27 L. Ed. 888. The only question in this case which could arise is the fact that this is the July term of the District Court, and the final record was made in the May term. Does the power to correct such mistakes expire at the end of the term? Although the clerk, after the expiration of the term, has no right to make even clerical corrections in the record, a court always has power over its own records to make the truth appear, and if the clerk, as here, has been guilty of a misprision, the court may at any time, upon petition, correct that record. In re Wight, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865; Lincoln National Bank v. Perry

et al., 66 Fed. 887, 14 C. C. A. 273. This is quite different from changing the actual judgment of the court after the term is passed, as was denied in the case of Wetmore v. Karrick, 205 U. S. 141, 27 Sup. Ct. 434, 51 L. Ed. 745.

An order may be entered, therefore, correcting nunc pro tunc the misprision of the clerk in this case, by which the final record shows that the decree was entered "on the 25th day of April." Those words may be changed to the words "on the 17th day of May."