## AUSTIN v. UNITED STATES.
### No. 361.

District Court, E. D. Illinois.

Sept. 26, 1941

Edward H. S. Martin, of Chicago, Ill., for plaintiff.

Ernest McHale, Asst. U. S. Atty., of East St. Louis, Ill., for defendant.

LINDLEY, District Judge.

Plaintiff applies for leave to prosecute her appeal to the United States Circuit Court of Appeals as a poor person. She alleges that she is a citizen of the United States. However, the record discloses that she is a convict in the state penitentiary, in pursuance of a judgment of conviction for the murder of her husband. Inasmuch as the federal statute, 28 U.S.C.A. § 832, fixes as one of the requisites of an allowance to appeal as a poor person that the applicant be a citizen and such provision has been repeatedly held to be a condition precedent to allowance of the application, Volk v. B. F. Sturtevant Co., 1 Cir., 99 F. 532; Boyle v. Great Northern Ry. Co., C.C., 63 F. 539; Johnson v. Nickoloff, 9 Cir., 52 F.2d 1074; The Memphian, D.C., 245 F. 484; The Bennington, D.C., 10 F.2d 799; Quittner v. Motion Picture et al., 2 Cir., 70 F.2d 331; De Maurez v. Swope, Warden, 9 Cir., 100 F. 2d 530, it becomes essential to determine the status of the applicant under the constitution and laws of the State of Illinois.

Under 38 Smith-Hurd Illinois Annotated Statutes, Section 587, every person convicted of the crime of murder is deemed guilty of an infamous crime and forever thereafter rendered incapable of holding any office of honor, trust or profit, voting at any election, or serving as a juror, unless he or she shall be restored to such rights by pardon. In People of the State of Illinois v. Russell, 245 Ill. 268, 91 N.E. 1075, the Supreme Court held that a sentence to a penitentiary for an infamous crime constitutes only a part of the punishment; that the disqualifications effectuated by the section cited constitute an additional punishment. Concerning the status of one thus convicted, the court said: "There

follows from the judgment a loss of civil rights, which practically deprives the convict of his citizenship unless restored thereto by a pardon. ·There remain to him after the judgment of the court is satisfied only his mere personal rights, by virtue of which his life, his liberty, and his property are protected from deprivation. He has become an alien in his own country, and worse, for he can be restored only as a matter of grace, while an alien may acquire citizenship as a matter of right. The plaintiff in error is a woman, and the rights she has lost are more restricted than those of a man; but they are all she had, and a man could lose no more."

 "'Citizens,' [as used in the United States Constitution] * * *" mean those who are "entitled, upon the terms prescribed by the institutions of the state to all the rights and privileges conferred by those institutions upon the highest class of society. * * * To be a citizen, it is necessary that he should be entitled to the enjoyment of those privileges and immunities upon the same terms upon which they are conferred upon other citizens; and unless he is so entitled, he cannot, in the proper sense of the term, be a citizen." Amy v. Smith, 11 Ky. 326, 331, 1 Litt. 326, 331. A citizen is an inhabitant of the state who by right may vote in the public assembly, and is a part of the sovereign power. Dictionaire L'Academie les Citoyen. He is an inhabitant who enjoys the freedom and privileges of the municipality in which he resides, including the right of franchise and the right to hold public office. When he may not enjoy these privileges, his status is necessarily something less than that of full citizenship.

Thus, by her conviction, plaintiff has been deprived of substantial rights of citizenship and is not a fully qualified citizen under the constitution and laws of Illinois. Accordingly she is not such a person as Congress contemplated might be allowed to appeal as a poor person. Such permission to appeal is a grant by grace of Congress to the citizens of the United States. In order to enjoy the beneficence of the grant, the applicant must show that she is within the class of persons whom Congress deemed deserving of grace. This plaintiff, upon the record, has not done and can not do.

The decision upon the merits in this cause was based upon the conclusion that plaintiff, a person convicted of an infamous crime, could not collect upon an insurance policy in which she was beneficiary, in view of the fact that she murdered the person whose life was insured in her favor. I find it difficult to believe that an appeal from such a conclusion is other than frivolous and not in good faith. However, I realize that other courts may conclude otherwise.

But there is another defect in the petition. It fails to include the contents prescribed by the act. Kinney v. Plymouth Rock Squab Company, 236 U.S. 43, 35 S. Ct. 236, 238, 59 L.Ed. 457. There the Court said: "Under the assumption that the affidavit as to poverty is sufficient, we come to the merits, in other respects of the application. There is a failure, however, to comply with the requirement that a statement be made, briefly setting forth the cause of action relied upon."

For these reasons the application to appeal as a poor person is denied.