(No. 30515.

THE PEOPLE *ex rel.* William J. Tuohy, State's Attorney, Appellant, *vs.* THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed March 18, 1948.*

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAMBERG, GORDON B. NASH, and GEORGE B. DUGGAN, of counsel,) all of Chicago, for appellant.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (JOSEPH F. GROSSMAN, and SIDNEY R. DREBIN, of counsel,) all of Chicago, for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This proceeding was instituted by the State's Attorney of Cook County, on behalf of the People, by filing an information in the nature of *quo warranto* in the circuit court of said county, by which he challenged the validity of certain acts of the defendants performed under the purported authority of three certain acts of the legislature pertaining to slum clearance and rehousing. The defendants named were the city of Chicago, its mayor, clerk and comptroller, and the members of the Land Clearance Commission of the city of Chicago. The acts challenged by the information are: the "Blighted Areas Redevelopment Act of 1947," (Ill. Rev. Stat. 1947, chap. 67½, pars. 63-91 incl.) ; the "Housing Development and Construction Act," (Ill. Rev. Stat. 1947, chap. 67½, pars. 53-62 incl.) ; and the "Rehousing of Persons in Redevelopment Project Areas Act," (Ill. Rev. Stat. 1947, chap. 67½, pars. 92-95 incl.) Hereafter these acts will be referred to in this opinion as the "Blighted Areas Act," "State Grant Act," and "Re-

housing Act," respectively. Defendants filed a motion to strike, relying on the validity of the acts challenged. The trial court sustained the motion and dismissed the cause with a finding that the statutes, and the acts of defendants performed thereunder, were valid. The plaintiff now seeks direct review by this court.

The information alleged that a Land Clearance Commission of the city of Chicago had been formed and approved by the State Housing Board; that the city of Chicago had passed an ordinance which was approved by a vote of the people, authorizing the issuance of $15,000,000 in rehousing bonds and the levy of taxes for payment thereof; that a further ordinance had been passed and approved by popular vote authorizing the issuance of $15,000,000 in slum clearance bonds and the levy of taxes for payment thereof; that the defendant mayor, clerk and comptroller are preparing to issue bonds according to the terms of the ordinances; that said city officials are without power or authority to pass said ordinances or to issue said bonds, since the statutes on which they rely, namely the Blighted Areas Act, the State Grant Act, and the Rehousing Act, are invalid by reason of:

(a) The said statutes are void in attempting to create a municipal corporation, *viz.* the Land Clearance Commission of the city of Chicago, without vesting it with the attributes essential to the execution of the functions of a municipal corporation.

(b) The said statutes and the acts and doings thereunder attempt to create a municipal corporation within the city of Chicago with powers already vested in the city of Chicago, a municipal corporation, contrary to law.

(c) The said statutes and the ordinances passed pursuant thereto attempt to authorize the expenditure of public revenue and the incurring of public liabilities by persons not appointed by or with the consent of the taxpayers or voters of the city of Chicago.

(d) The said statutes make provision for the creation of obligations of the Land Clearance Commission of the city of Chicago, which will have to be met by taxes levied by persons not selected by or with the consent of the taxpayers or voters of the city of Chicago.

(e) The said statutes are an unauthorized delegation of the legislative power to create municipal corporations.

These contentions, allegedly going to the validity of all or portions of the three acts involved, are reiterated here as the grounds for this appeal.

Briefly, the apparent purpose of the three interrelated acts under consideration, is to promote slum clearance and rehousing. The Blighted Areas Act provides for a slum clearance program by municipal corporations known as Land Clearance Commissions and contemplates the redevelopment of such areas exclusively by private capital. The commissions are given no revenue raising powers and their financial resources are to consist of funds made available by the municipalities as implemented by a matching amount appropriated by the State. The Land Clearance Commissions are to acquire and clear slum and blighted areas, and to sell such areas to such private enterprises as present a plan for the development of such areas. As an added inducement to attract private capital to invest in such projects, the act provides that the Land Clearance Commissioners may sell the property at use value, which, under the act, may be less than the cost of acquisition.

The Rehousing Act seeks to provide rehousing facilities for persons displaced by slum clearance programs instituted under the Blighted Areas Act. The construction of the rehousing units is to be undertaken by local housing authorities, with eligibility for occupancy based upon the low income status of the displaced persons and families.

The State Grant Act provides for the purchase of property or real estate with State funds, its sale by housing authorities to purchasers, including nonprofit corporations,

for "any legal consideration in an amount to be approved by the State Housing Board." Since none of the errors assigned by plaintiff are predicated upon authority or want of it, arising from the terms of the State Grant Act, and since no argument has been advanced in this court challenging its validity or constitutionality, no question regarding the State Grant Act is before us.

Plaintiff-appellant has not questioned the legality of the purpose of the Blighted Areas Act or of the Rehousing Act, however this court has sustained similar legislation, as being for a proper public purpose, in *People ex rel. Tuohy* v. *City of Chicago,* 394 Ill. 477, *Zurn* v. *City of Chicago,* 389 Ill. 114, and *Krause* v. *Peoria Housing Authority,* 370 Ill. 356. The validity of purpose of the acts here under consideration has been upheld and more fully discussed in the case of *Cremer* v. *Peoria Housing Authority, post,* p. 579, in which case an opinion has been adopted at this term of court.

Appellant first contends that the Blighted Areas Act, which provides for the creation of Land Clearance Commissions, is an incomplete act since it attempts to create such commissions as municipal corporations, but fails to vest them with attributes essential to the execution of the functions of municipal corporations. More specifically it is contended that since the commissions are given the power to create debts, and may be sued, they must necessarily be given the power to levy taxes to satisfy their debts, as required by section 10 of article IX of the Illinois constitution. A similar objection was made in *People* v. *Chicago Transit Authority,* 392 Ill. 77, wherein we pointed out that there was no constitutional requirement that municipal corporations be given taxing powers, and that such power was not a prerequisite to the existence of a municipal corporation. Section 9 of article IX of the constitution provides that "all municipal corporations may be vested with authority to assess and collect

taxes;" etc., which provision is permissive and not mandatory. Section 10 of article IX relied upon by appellant states that: "The general assembly shall not impose taxes on municipal corporations, or the inhabitants or property thereof, for corporate purposes, but shall require that all taxable property within the limits of municipal corporations shall be taxed for payment of debts," etc. This section is not authority for appellant's contention that municipalities must mandatorily be given power to tax, but is obviously rather a limitation on the power of the legislature to levy taxes on municipal corporations. There is no merit to this contention.

It is next urged that the Blighted Areas Act, the Rehousing Act, and the $15,000,000 bond issue made under each, are invalid because the members of the Land Clearance Commission and of the Housing Authority are not appointed by or with the consent of taxpayers of the municipality, yet are enabled to create obligations against and expend money of the taxpayers of the municipality. Appellant construes the acts in this respect as allowing persons who are not corporate authorities of the city of Chicago to levy taxes against the taxpayers of Chicago, in contravention of section 9 of article IX of the constitution. It is true that an act which attempts to vest the power of taxation in persons who do not constitute the corporate authorities of the cities on which the liabilities are imposed, is a violation of the constitution, (*People ex rel. Gallenbach* v. *Franklin,* 388 Ill. 560,) however, the facts of the present case do not bring it within such rule. The taxes to be levied in this case are to be levied by the corporate authorities of Chicago, not by the Land Clearance Commissioners or the Housing Authority. The moneys raised by such taxation are for a public purpose and will be paid to the commissioners and the Housing Authority as the city's contribution to the fund, and will be administered by them to effectuate the slum clearance and re-

housing program for the city of Chicago. Appellant's premise in this regard is incorrect. Further, we have held that in creating municipal corporations, the General Assembly must provide for the officers of such corporations and, in the matter of so creating the offices and providing for the manner in which they shall be filled, the legislative power is supreme. *People* v. *Chicago Transit Authority,* 392 Ill. 77; *Perkins* v. *County Comr's of Cook County,* 271 Ill. 449.

The next contention of appellant is that the Blighted Areas Act is void because it attempts to vest in Land Clearance Commissions powers coextensive with those already held by the city of Chicago for the same purpose, (*i.e.,* slum clearance,) and extending over the same district. As pointed out in *People ex rel. Greening* v. *Bartholf,* 388 Ill. 445, the application of this principle has usually been made in cases involving the validity of tax levies and cases involving the jurisdiction of separate corporate bodies. Since the Land Clearance Commissioners have no power to levy taxes, we are not concerned with that issue here. As to jurisdiction, this court has recognized that, in our complex system of government, different public authorities exercise within parts of the same territory practically similar powers. (*People* v. *Bartholf,* 388 Ill. 445; *People ex rel. Darnell* v. *Woodward,* 285 Ill. 165; *Wilson* v. *Board of Trustees of Sanitary Dist.* 133 Ill. 443.) It was said in the *Bartholf case,* on page 466, that: "This power and authority must be exercised in a particular way by these different public authorities so as not to bring different municipalities into conflict in doing the same identical work for the same sections." It is true that the Land Clearance Commission is given powers to promote slum clearance by the Blighted Areas Act, which are similar to the powers given to the city of Chicago by the Revised Cities and Villages Act. (Ill. Rev. Stat. 1947, chap. 24, pars. 23-1 *et seq.*), and the areas of their jurisdiction are

coterminus, however, the sites in which the Land Clearance Commissioners are to operate must be approved by the city council of Chicago and by the State Housing Board. It is inconceivable that both corporations would enter into a program of slum clearance by which one would be duplicating the work of the other. There is no duplication of taxes in the area, and a reasonable application of both acts will eliminate duplication of effort by the two municipalities. We are of the opinion that the Blighted Areas Act is not subject to this objection of appellant.

The last ground upon which appellant bases his contention that the Blighted Areas Act is invalid is that the manner in which the Land Clearance Commissions are created is an unauthorized delegation of legislative authority. He points out that, under the terms of the act, cities having a population of more than 25,000 inhabitants may determine by resolution of its governing body that a need for a Land Clearance Commission exists; that such resolution is forwarded to the State Housing Board, which in turn issues a certificate to the presiding officer of the municipality for the creation of such commission; that the act provides for the standards upon which the State Housing Authority may base its issuance of such certificate. The act then provides that the presiding officer may appoint five commissioners, which appointments are not effective until certificates of appointment are filed with, and approved by, the State Housing Board. Appellant contends that the legislature has thus delegated the performance of the function of creating a municipal body, *i.e.,* the Land Clearance Commission, to the State Housing Board.

The Blighted Areas Act prescribes in detail the procedure and all essential facts necessary for the creation of the corporation. Only the determination of the existence of those facts is delegated to the governing body of the municipality and the State Housing Board. The statute

559

creates the corporation, not the municipality or State Housing Board, but the statute only becomes operative when the prescribed facts are found by those bodies. This is not the delegation of the power to make a law. (*Blake* v. *People,* 109 Ill. 504.) Any discretion exercised by either the municipality or the State Housing Board must be under and in pursuance of the law. They have no discretion as to what the law shall be. There is no merit to this contention of appellant.

We are of the opinion, therefore, that the Blighted Areas Act and the Rehousing Act, and the ordinances adopted thereunder, are valid, and not subject to the constitutional objections urged by appellant. The circuit court of Cook County properly sustained the motion to strike the information in the nature of *quo warranto.* Its judgment is therefore affirmed.

*Judgment affirmed.*