## COLVIN et al. v. WOODS, Housing Expediter.
No. 12286.

United States Court of Appeals
Ninth Circuit.

March 14, 1950.

894

Ed Dupree, Gen. Counsel, O. H. E., A. M. Edwards, Jr., Acting Asst. Gen. Counsel, William A. Moran, Sp. Lit. Atty., O. H. E., Washington, D. C., for appellant.

Carroll, Davis & Freidenrich, San Francisco, Cal., for appellee.

Before MATHEWS and BONE, Circuit Judges, and MATHES, District Judge.

MATHEWS, Circuit Judge.

This appeal is from a judgment entered on April 1, 1949, in an action by appellee,

Tighe E. Woods, Housing Expediter, against appellants, Gerald Colvin, Rose Bories, Arthur Sandford and Genevieve Sandford.

The judgment was filed with the clerk of the District Court on April 1, 1949. Thereupon, on April 1, 1949, the judgment was noted in the civil docket of the District Court as provided by Rule 79(a) of the Federal Rules of Civil Procedure.[1] That notation constituted the entry of the judgment. See Rule 58 of the Federal Rules of Civil Procedure; 28 U.S.C.A.[2]

On or after April 4, 1949, the following notation was made on the judgment: "Entered in civil docket April 4, 1949." That notation is disregarded; for, as indicated above, the judgment was, in fact, entered on April 1, 1949.

Appellee being an officer of the United States, the time for filing a notice of appeal from the judgment was 60 days from its entry. See 28 U.S.C.A. § 2107.[3] The time was not extended.[4] Consequently it expired on May 31, 1949—60 days from April 1, 1949. Appellants filed their notice of appeal on June 1, 1949—one day too late.

Appeal dismissed.

1. Rule 79(a) provides: "All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process."

2. Rule 58 provides: "The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment".

3. Section 2107 provides:
"Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days ·

after the entry of such judgment, order or decree.

"In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days fom such entry.

"In any action, suit or proceeding in admiralty, the notice of appeal shall be filed within ninety days after the entry of the order, judgment or decree appealed from if it is a final decision, and within fifteen days after its entry if it is an interlocutory decree.

"The district court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree.

"This section shall not apply to bankruptcy matters or other proceedings under Title 11."

4. See the fourth paragraph of § 2107.