ROBERTS ex rel. et al., INMATES OF THE CALIFORNIA STATE PRISON FOR MEN AT REPRESA, CAL., v. STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS et al.

Misc. No. 130.

United States Court of Appeals Ninth Circuit.

June 28, 1950.

William Henry Roberts, in pro. per., for petitioners.

No other appearances were entered.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

Appellant moves to rescind our order of January 27, 1949, denying his petition for an allowance of appeal. That denial was based upon a petition for the allowance of an appeal and not upon a petition to be permitted to prosecute an appeal in forma pauperis. So construing the petition, we held that we did not have power to allow an appeal, deeming the only method of taking an appeal is the filing of a notice of appeal in the district court under Federal Rule of Civil Procedure, rule 73 (a), 28 U.S.C.A.

Had the petition been one seeking to *prosecute* an appeal in forma pauperis, it appears that we then had no power to grant it. The order from which the appeal is sought is stated in a petition filed in this court on January 25, 1949, as follows:

."William Henry Roberts requests leave to file an action in forma pauperis. In the action an injunction is sought enjoining the prison authorities at a California Prison from enforcing certain rules and an attack is made upon certain Sections of the California Penal Code on constitutional grounds.

"The supporting affidavit states that he is a citizen. It appears that he is a prisoner confined in that prison. He has been convicted of a felony. California Penal Code, Section 18. As such he is not a citizen. Austin v. United States, [D.C.], 40 F.Supp. 777; Amy v. Smith, 11 Ky. 326. His request is denied, 28 U.S.C. Section 1915.

"Dated: December 23rd, 1948.

"Dal M. Lemmon

United States District Judge"

Since the order sought to be appealed from was made on December 23, 1948, and the petition was filed on January 25, 1949, the thirty days for taking an appeal had expired and the appeal could not be brought before us, 28 U.S.C.A. § 2107, providing in its first paragraph: "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."

Had the permission to prosecute in forma pauperis been granted, the notice of appeal could not have been filed in the district court in time.

The motion to set aside our order of January 27, 1949, is ordered denied.