## MONDAKOTA GAS CO. v. MONTANA-DAKOTA UTILITIES CO.

### No. 13242.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1952.

Rehearing Denied April 2, 1952.

Leif Erickson, Helena, Mont., Guthrie, Darling & Shattuck and Milo V. Olson, all of Los Angeles, Cal., for appellant.

Arthur F. Lamey, Billings, Mont., John C. Benson, Armin M. Johnson, Minneapolis, Minn. (Coleman, Jameson & Lamey, Billings, Mont., Faegre & Benson, Minneapolis, Minn., of counsel), for appellee.

Before STEPHENS, HEALY and ORR, Circuit Judges.

PER CURIAM.

A motion to dismiss the appeal is before us.

Formal judgment was signed and entered in the docket of the District Court on November 8, 1951.

Notice of entry of the formal judgment was mailed to counsel for appellant on November 8, 1951.

On December 3, 1951 a notice of appeal from the formal judgment of November 8, 1951 was received by the Clerk of the District Court but was not accompanied by the filing fee of $5.00; hence, the notice of appeal was not accepted for filing and was not then filed. The required filing fee was received by the Clerk on December 12, 1951 and the notice of appeal was on said date duly filed. Section 2107, 28 U.S.C.A., provides: "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree. * * * "

No extension of time was given by the District Court pursuant to Rule 73(a), Fed. Rules Civ.Proc. 28 U.S.C.A.

Filing of notice of appeal within the required time is jurisdictional.[1] The Clerk of the District Court was under no obligation to file the notice of appeal until the fee was paid.[2] Appellant contends that the receipt and retention of the notice of appeal before the expiration of the thirty-day period constituted a filing. We are unable to agree.[2]

---

1. Roberts, ex rel. Inmates of California State Prison v. State of California, Department of Corrections, 9 Cir., 183 F. 2d 580; Colvin v. Woods, 9 Cir., 180 F. 2d 893; Marten v. Hess, 6 Cir., 1949,

176 F.2d 834; St. Luke's Hospital v. Melin, 8 Cir., 1949, 172 F.2d 532.

2. Smith v. Johnston, 9 Cir., 109 F.2d 152; Cf. Turkett v. United States, D.C.N.D. N.Y.1948, 76 F.Supp. 769; Cf. Ommen

■ Appellant filed in the District Court on December 8, 1951 a statement of points and designation of record and urges that such filing should be considered a substitution for a notice of appeal and cites Federal Deposit Insurance Corp. v. Congregation, Poiley Tzedeck, 2 Cir., 159 F.2d 163, 166, and Crump v. Hill, 5 Cir., 104 F.2d 36. We find no such special circumstances here as appear in the Crump v. Hill case where the appellee waived the notice of appeal and entered an appearance and actually joined in the perfection of the appeal under the Rules by the filing by appellee on her part and within time a designation of record contents. In the Federal Deposit Ins. Corporation case the appeal was dismissed. In the instant case the failure to cause to be filed in time the notice of appeal was not a mere procedural irregularity; it was a jurisdictional defect. Cf. Benitez v. Ferran's Estate, 1 Cir., 143 F.2d 435; Ross v. Drybrough, 2 Cir., 152 F.2d 427.

Appeal dismissed.

---

v. Talcott, D.C.S.D.N.Y.1910, 180 F. 925; Cf. Oil Well Supply Co. v. Wickwire, D.C.E.D.Ill.1943, 52 F.Supp. 921; Cf. Boyd v. Burrel, 1880, 60 Cal. 280.