**Ex parte BOYDEN.**

Misc. No. 311.

United States Court of Appeals
Ninth Circuit.

June 17, 1953.

Gerald Glen Boyden, in pro. per.

No other appearances were entered.

DENMAN, Chief Judge.

Boyden, a layman is informally seeking what I deem a petition for a certificate of probable cause for appeal. Boyden's application for habeas corpus was denied by the district court and permission to file an appeal in forma pauperis and a certificate of probable cause were denied on the ground that the appeal was not meritorious.

The petition presents only the constitutional contention whether the admission of confessions and admissions elicited from one who has been held incommunicado for six days without being permitted, after request, to contact an attorney is a denial of due process. I think this is a substantial question.

The facts with regard to this contention, as stated by the California District Court of Appeal, are as follows, People v. Boyden, 116 Cal.App.2d 278, 253 P.2d 773, 777:

"It is next contended by appellant that he was deprived of the right to obtain counsel. In this regard appellant refers us to testimony given by one of the arresting officers, Wayne Bornhoft, of the Pasadena Police Department, as follows:

" 'Q. By Mr. Boyden: Did the Defendant Boyden ever ask you for permission to call an attorney? A. Yes, he did.

" 'Q. Did you give him permission to call an attorney? A. No, sir.

" 'Q. When was that? A. That was after my conversation with Defendant Boyden.

" 'Q. February 29th? A. Yes, sir.'

"Also, the testimony of Officer Arnett of the Huntington Park Police Department who was acting as jailer while appellant was confined there:

" 'Q. Were you instructed to keep the prisoners from making any outside contact? A. I was given instructions by the Captain of Detectives to keep the prisoners from making any outside calls until they were arraigned.' "

Boyden contends that even if the confessions and admissions were obtained from him upon peaceful questioning by officers, his constitutional rights were infringed because he was not permitted to obtain counsel. He contends that counsel would have advised him that he did not have to answer questions and that the admissions would not then have been made. The California District Court of Appeal rejected this contention, saying of this prevention of obtaining counsel and the six days of incommunicado incarceration, People v. Boyden, 116 Cal. App.2d 278, 253 P.2d 773, 778:

"Such flagrant misconduct and utter disregard of the rights of an accused by law enforcement officers deserves the severest condemnation, and if it appears that it materially affected the regularity of his trial and conviction, would require a reversal."

but holding that:

" * * * in the case at bar, the misconduct of the police officers does not appear to have so affected the regularity of appellant's trial nor to have resulted in a miscarriage of justice."

However, that court in that case recognized, 116 Cal.App.2d at page 287, 253 P. 2d 779 the fact that guilty knowledge of larceny is an essential element of the offense with which Boyden was charged— receiving stolen goods. Almost all of the evidence upon which the opinion relies as showing this essential element consists of admissions wrung from Boyden during the six-day period of incommunicado incarceration. Hence it is readily apparent that the wrongful prevention of Boyden's contacting his attorney could have materially affected the regularity of his trial. The question remaining is whether this misconduct amounts to a violation of the Fourteenth Amendment.

In Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166, the Supreme Court was faced with a situation in which it was alleged that the petitioner had been arrested on a Sunday morning, had been prevented from contacting his attorney until the following day, and had been subjected to protracted questioning from which a confession was ultimately obtained. The Court, while affirming the judgment of the California courts, made the following statement, 314 U.S. at page 240, 62 S.Ct. at page 291:

" * * * where a prisoner held incommunicado is subjected to questioning by officers for long periods, and deprived of the advice of counsel, we shall scrutinize the record with care to determine whether, by the use of his confession, he is deprived of liberty or life through tyrannical or oppressive means."

This is the exact situation contemplated by this statement, and I feel that we should scrutinize the record with care to determine whether Boyden's constitutional rights have been infringed, having also in mind the Supreme Court's statement in Glasser v. United States, 315 U.S. 60, at page 76, 62 S.Ct. 457, at page 467, 86 L.Ed. 680, that: "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." To that end, I order that the certificate of probable cause be granted.