### WADDELL v. CHICAGO LAND CLEARANCE COMMISSION.

#### No. 10900.

United States Court of Appeals
Seventh Circuit.

Aug. 11, 1953.

Heber T. Dotson, Chicago, Ill., for appellants.

W. S. Bodman and Peter A. Dammann, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and LINDLEY, Circuit Judge.

LINDLEY, Circuit Judge.

Two motions are presented: (1) one by appellee to dismiss the appeal and (2) a subsequent one by appellants to withhold our ruling on the motion to dismiss pending disposition in the trial court of appellants' subsequent motion for relief from the judgment from which this appeal is taken.

Appellants' motion presents no difficulty. From appellees' answer, supported by the affidavit of counsel for the Commission, it appears that appellants' motion for relief from the judgment below was denied by Judge Hoffman on July 16, 1953. Clearly, appellants' motion must be denied.

This action was brought to challenge the validity of the Blighted Areas Redevelopment Act of 1947, Ill.Rev.Stat.1951, c. 67½. Pursuant to this Act, appellee, Chicago Land Clearance Commission, herein referred to as the Commission, instituted condemnation proceedings against and, after several years litigation, acquired certain real property of appellants and others, and effected a sale thereof to the New York Life Insurance Company for the purpose of redevelopment by that Company.

It is not necessary to recite the multiplicity of suits by appellants and others, since the condemnation proceeding was commenced, challenging the constitutionality of the Land Clearance Act. Appellants, in the instant action, again challenged the Statute as a denial of the equal protection of the laws guaranteed to them by the Fourteenth Amendment to the Constitution. They asserted that their property was seized under the State's power of eminent domain and transferred to the Insurance Company for private use. They prayed that a three judge district court be convened pursuant to Section 2281 of the Federal Judicial Code, 28 U.S.C.A. § 2281, and that an injunction issue restraining the Commission from evicting them from the property.

At a hearing before Judge Campbell on March 31, 1953, the cause was dismissed as to all plaintiffs except appellants, Waddell and his wife, who are citizens and residents of the State of Michigan. Diversity of citizenship was thereby established. On the same date, on motion of counsel for the Commission, the entire cause was dismissed by Judge Campbell, sitting alone, for lack of a substantial federal question.

Appellants filed their notice of appeal on May 25, 1953, to review the order of dismissal. The present motion under Rule 13(b) of this court to dismiss the appeal was filed by the Commission and adopted by appellee Babb by his motion filed July 16, 1953. The motions are based on the grounds that, (1), the appeal is not timely, and, (2), it is frivolous. Appellants contend that Judge Campbell had no jurisdiction to enter an order of dismissal; that, appellants having invoked the jurisdiction of a three judge court under 28 U.S.C.A. § 2281, a competent order of dismissal could issue only from such a court. They argue that the order is void and can and should be reversed by this court.

Appellants' contention is without merit. They cite Stratton v. Saint Louis, Southwestern Ry. Co., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, in support of their position. That case holds that, once a substantial federal question is presented in an action to enjoin enforcement of a state statute, a district judge has no jurisdiction to dismiss the cause. But this does not finally resolve the question raised by the instant motion, for, under Section 2281, the existence of a substantial federal question is jurisdictional and essential to the jurisdiction of a statutory three judge court. Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. The initial question of jurisdiction may be decided by a district judge to whom application is made. Ex parte Poresky, supra; Farr v. O'Keefe, D.C.Miss., 27 F.Supp. 216; Pullen v. Patton, D.C.Tex., 19 F.Supp. 340.

Appellants have attacked this Statute repeatedly. In Chicago Land Clearance Commission v. White, 411 Ill. 310, 104 N.E.2d 236, certiorari denied, 344 U.S. 824, 73 S.Ct. 23, the Illinois Supreme Court sustained the validity of the condemnation judgment over the allegation of the parties, including appellants, that the Act is unconstitutional. One of the appellants was plaintiff in Robinette v. Chicago Land Clearance Commission, D.C.N.D.Ill., 115 F.Supp. ——. seeking to restrain enforcement of the Act on the ground that it denies plaintiffs their rights guaranteed by the Fourteenth Amendment. This action was dismissed by Judge Campbell for want of a substantial federal question. In Robinette v. Campbell, 1952, 342 U.S. 940, 72 S.Ct. 563, 96 L.Ed. 699, the Supreme Court denied motions for leave to file petitions for a writ of mandamus to compel Judge Campbell to expunge his order of dismissal and to convene a three judge court to decide the cause. Thus it is seen that the Supreme Court has refused to entertain an application to review the questions which appellants have attempted to present by this action.

■ We think it clear that Judge Campbell was entirely justified in ruling that no substantial federal question is presented. This action differs from the Robinette case in only one respect, viz., that here there is complete diversity of citizenship. The question raised is the same, viz., the existence or non-existence of a substantial question as to the constitutionality of the Land Clearance Act. Appellants have had their day in court, and this assertion of unconstitutionality has been decided against them. We agree that they do not now present a substantial federal question.

■ However, even assuming, arguendo, that appellants are correct in their contention of invalidity of the order, this court has no jurisdiction on appeal. Thus, in Stratton v. Saint Louis, Southwestern Ry. Co., 282 U.S. 10, at pages 15 and 16, 51 S.Ct. 8, at page 10, 75 L.Ed. 135, the Court said in part:

"If a single judge, thus acting without jurisdiction, undertakes to enter an interlocutory injunction or a final decree, either dismissing the bill * * or granting a permanent injunction, no appeal lies * * * to this Court * * *. Nor does an appeal lie to the Circuit Court of Appeals from an order * * * thus entered * * *, for to sustain a review upon such an appeal would defeat the purpose of the statute by substituting a decree by a single judge and an appeal to the Circuit Court of Appeals for a decree by three judges and a direct appeal to this Court."

A petition for a writ of mandamus is the appropriate remedy. Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Stratton v. Saint Louis, Southwestern Ry. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135. Thus, even though appellants' position be correct, their only recourse lies in an application to the Supreme Court for leave to file a petition for a writ of mandamus.

■ What has been said adequately supports appellees' contention that the appeal is frivolous. Counsel for appellants participated in the mandamus application in the Robinette case, supra. Furthermore, appellants' argument is refuted by the Stratton case, on which they place their principal reliance. Then, too, the litigious nature of this action is readily apparent. The constitutionality of the Blighted Areas Act has been repeatedly attacked and upheld during some six years of litigation in both state and federal courts. It was first challenged as an unlawful delegation of legislative power. People ex rel. Tuohy v. City of Chicago, 399 Ill. 551, 78 N.E.2d 285. See also, Zurn v. City of Chicago, 1945, 389 Ill. 114, 59 N.E.2d 18. After the Commission filed its condemnation proceeding a rash of litigation ensued. The instant appellants, or one of them, have been parties to three actions before the Illinois Supreme Court, two applications to the United States Supreme Court, and the present action is their second application to the District Court raising identical constitutional questions. The only possible inference. is that this multiplicity of litigation has been employed as a delaying tactic with little or no hope of success. See Zurn v. City of Chicago, 389 Ill. 114, 59 N.E.2d 18, hold-

ing that slum clearance is a public purpose, which is not defeated by the fact that redevelopment is done by private parties pursuant to a legislative fiat.

We reach now the determinative issue of timeliness of the appeal raised by appellees' motion to dismiss. Assuming for the purpose of this disposition, that Judge Campbell's decree dismissing the cause is an appealable order, such an appeal must be perfected in accord with the provisions governing appeals. The time within which an appeal may be taken is fixed by Section 2107 of the Judicial Code and Rule 73 of the Rules of Civil Procedure, 28 U.S.C.A. The former provides that notice of appeal must be filed within 30 days after entry of the judgment or order, while Rule 73 provides that an appeal must be taken within 30 days after entry of the judgment. The exceptions to the rule are not relevant here.

If the appeal is not timely, the Court of Appeals must dismiss for want of jurisdiction. George v. Victor Talking Machine Company, 293 U.S. 377, 55 S.Ct. 229, 99 L. Ed. 439; Walters v. Baltimore & O. R. R. Co., 3 Cir., 76 F.2d 599; Lejeune v. Midwestern Insurance Company of Oklahoma City, 5 Cir., 197 F.2d 149; Colvin v. Woods, 9 Cir., 180 F.2d 893. The record in this cause shows the following pertinent entries. The judgment dismissing the cause for want of jurisdiction was entered March 31, 1953. On April 10, 1953, appellants filed a motion in the District Court to vacate the judgment. On the same date, April 10, this motion was denied by Judge Campbell. Notice of appeal was filed on May 25, 1953.

The motion to vacate may operate to extend the time for appeal. Salmon v. City of Stuart, Florida, 5 Cir., 194 F.2d 1004; United States ex rel. Harrington v. Schlotfeldt, 7 Cir., 136 F.2d 935, certiorari denied, Krause v. United States, 327 U.S. 781, 66 S.Ct. 680, 90 L.Ed. 1008. But here the notice of appeal was filed 45 days after entry of the controlling order, since the day of entry of the judgment appealed from is excluded in computing the time for filing an appeal. United States v. Reed, 5 Cir., 117 F.2d 808. Measured by these standards, May 10, 1953 was the latest date on which an appeal could be perfected. This appeal therefore is not timely and must be dismissed. United States ex rel. Lutz v. Ragen, 7 Cir., 171 F.2d 788; Lejeune v. Midwestern Insurance Company, 5 Cir., 197 F.2d 149.

Appellants' motion to defer our ruling is denied. Appellees' motions to dismiss the appeal are granted. Appeal dismissed.