**BOYDEN v. WEBB et al.**

No. 13931.

United States Court of Appeals Ninth Circuit.

Nov. 27, 1953.

Rehearing Denied Dec. 24, 1953.

Gerald Glen Boyden, in pro. per.

Edmund G. Brown, Atty. Gen., Clarence A. Linn, Asst. Atty. Gen., for appellee.

Before DENMAN, Chief Judge, STEPHENS, Circuit Judge, and DRIVER, District Judge.

DENMAN, Chief Judge.

This is an appeal from an order of the district court denying without hearing an application for a writ of habeas corpus.

The questions presented by this appeal are: (1) whether this court has jurisdiction of the appeal; and (2) whether, assuming the allegations of the application to be true, a showing of a violation of federal constitutional guarantees has been made.

(A) *Jurisdiction:*

The appellees contend that this court does not have jurisdiction because the notice of appeal (see 28 U.S.C. § 2107) and the required certificate of probable cause (see 28 U.S.C. § 2253) were not filed until June 24, 1953, and June 17, 1953, respectively, more than sixty days after the entry of the order denying the application for the writ. The record reveals that the order denying the application for the writ was entered on April 16, 1953. On April 28, 1953, the district court denied Boyden a certificate of probable cause. A petition for rehearing was filed and denied on April 28, 1953. On May 6, 1953, well within the

time for filing a notice of appeal from the order denying the application for the writ, Boyden filed an application for a certificate of probable cause for appeal which was granted on June 17, 1953. See Ex parte Boyden, 9 Cir., 205 F.2d 485. The notice of appeal was filed seven days later.

28 U.S.C. § 2107 and Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C., require that the notice of appeal be filed within thirty days of the entry of the judgment appealed from. We have held under other circumstances that this requirement is jurisdictional. Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705 certiorari denied, 344 U.S. 827, 73 S.Ct. 28.

■ Appellees cite Ex parte Farrell, 1 Cir., 189 F.2d 540, 545, certiorari denied Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634, as controlling. In that case, the application to the court of appeals for a certificate of probable cause was made *after* the expiration of the thirty-day period for appeal, and the court held that it was untimely and the court did not have jurisdiction to consider the appeal. However, there the court said: "Of course, if the petitioner makes the application [for a certificate of probable cause] on time, and the application is granted, the appeal is well taken whether the certificate is actually issued *before or after* the expiration of the thirty-day period, *for the timely applicant should not be prejudiced by the delay of the judge, or of the court,* in granting the application for a certificate of probable cause." (Emphasis supplied.) 189 F.2d at page 544. We deem this to be a correct statement of the law and hold that we have jurisdiction of the appeal.

(B) *The Application:*

Boyden was tried by a California superior court, he having waived a jury. His application alleges that he was arrested on February 29, 1952, and that he was held incommunicado for a period of six days, during which statements were obtained from him by coercion. These statements were received in evidence at the trial as admissions and were persuasive in determining his guilt. Requests of Boyden to contact his attorney during this period were refused by the officers holding him in direct violation of a California statute, Calif.Pen.Code § 825, which conduct was strongly denounced in the California appellate court's opinion, People v. Boyden, 116 Cal.App.2d 278, 285, 253 P.2d 773.

The district court denied the application ex parte, without requiring a response or holding any hearing thereon. The question which here confronts us is whether, assuming the allegations of the application to be true, a violation of some federal constitutional guarantee has been shown. White v. Ragen, 324 U.S. 760, 763, 65 S.Ct. 978, 89 L.Ed. 1348; Thomas v. Teets, 9 Cir., 205 F.2d 236.

■ In denying Boyden's application, the district court stated that "Of all the allegations of petitioner, the only one which, if true, would violate his Constitutional Rights is that admissions introduced in evidence were wrung from him by physical coercion. That issue of fact was fully raised by petitioner on appeal from his conviction in the State court and decided against him. * * * I find no grounds for disturbing that finding." There is no error in this ruling. A federal court, in considering a state prisoner's application for habeas corpus, may properly depend upon a state court's resolution of questions of fact. Brown v. Allen, 344 U.S. 443, 458 and 503–505, 73 S.Ct. 397, 407 and 437, 444, 445 (Justice Frankfurter's opinion.)

■ Boyden contends that the application shows a violation of a constitutional guarantee in that the admissions were wrung from him while he was held incommunicado. Mere delayed arraignment, even to the point of illegality, does not compel the rejection of a confession or admission. It must be shown to have in fact been coerced. Stein v. People of State of New York, 346 U.S. 156, 187, 73 S.Ct. 1077. The California court found

as a matter of fact that "no confession was obtained from the appellant during the time he was held in jail, nor were any tyrannical or oppressive means used to obtain from him *any evidence* that was presented at the trial." (Emphasis supplied.) People v. Boyden, 116 Cal.App. 2d 278, 286, 253 P.2d 773. His well written brief does not claim that the issue of coercion as to his statement to the officers so introduced in evidence was not determined at the trial. The district court was justified in accepting this finding of fact. Brown v. Allen, supra.

■ Boyden's final contention is that he was deprived of the effective assistance of counsel by being deprived of the right to consult counsel during the six days between his arrest and arraignment. In this connection it is established that the due process clause of the Fourteenth Amendment does not per se impose on a state the Sixth Amendment's requirement of the "assistance of counsel". Bute v. People of State of Illinois, 333 U.S. 640, 677, 68 S.Ct. 763, 782, 92 L.Ed. 986; Gibbs v. Burke, 337 U.S. 773, 781, 69 S.Ct. 1247, 93 L.Ed. 1686. The California court found that Boyden had requested and had been refused the right to contact counsel, but held that the denial did not materially affect the outcome of the trial and so affirmed the judgment of conviction. 116 Cal.App.2d at pages 284–286, 253 P.2d at pages 777–778. The holding is an interpretation of the legal effect of the historical facts as found, and should not be given conclusive effect by a federal judge, although it may be given weight as a determination of another forum on constitutional issues. It is the duty of the federal judge to apply constitutional principles to the facts as found. Brown v. Allen, supra, 344 U.S. at page 507, 73 S.Ct. at page 446. The constitutional principle in issue here

is whether the deprivation of counsel worked a fundamental unfairness to Boyden as in Gibbs v. Burke, supra, 337 U.S. at page 781, 69 S.Ct. at page 1251.

■ Boyden argues that even if the admissions were obtained by peaceful questioning, his constitutional rights were infringed because if he had been permitted to consult an attorney during this period, he would have been advised of the effect of the statements and they would not have been made. The record reveals that Boyden was not without prior experience with criminal investigations and trials. He admitted a prior conviction at his trial. See 116 Cal.App. 2d at page 280, 253 P.2d at page 774. He has represented himself in this court many times.[1] His application for the writ was drawn with the skill of an experienced pleader, and at his trial in the state court he insisted on representing himself despite repeated warnings from the judge. Counsel could not have advised a man of Boyden's experience of anything of which he was not already aware. Assuredly, a man who, like Boyden, who described himself as having been "through the mill" is aware that statements made to officers after the arrest may be used against him. The state court was correct in holding that the denial of counsel prior to arraignment did not materially affect the outcome of the trial, and hence no fundamental unfairness to Boyden resulted.

■ Where, as here, the application for the writ and the facts as found by the state court show that a prisoner is entitled to no relief in a federal habeas corpus proceeding, there is no need for the district court to hold a plenary hearing. Brown v. Allen, supra; 28 U.S.C. § 2243.

The judgment of the district court is affirmed.

[1] See Ex parte Boyden, 9 Cir., 205 F.2d 485; Boyden v. Smith, 9 Cir., 183 F.2d 189; Boyden v. Squier, 9 Cir., 188 F.2d 160; Boyden v. United States, 9 Cir., 185 F.2d 402, certiorari denied, 341 U. S. 911, 71 S.Ct. 616, 95 L.Ed. 1348; Id., 341 U.S. 957, 71 S.Ct. 1003, 95 L.Ed. 1377; and Misc. Nos. 304 and 313 (unreported).