Bernard M. SHOTKIN, Appellant,

v.

Bernard B. WEKSLER et al., Appellees.

No. 16765.

United States Court of Appeals
Fifth Circuit.

May 7, 1958.

Rehearing Denied June 11, 1958.

Bernard M. Shotkin, in pro. per.

Sidney J. Berger, Phillip Schiff, Miami, Fla., for appellees.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing plaintiff's complaint for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted. As it appears from the record that plaintiff's notice of appeal was not timely, being filed after the 30 days prescribed by Rule 73 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the merits of the judgment of the District Court need not be discussed.

Plaintiff's amended complaint, filed on September 18, 1956, was dismissed by the Court on November 14, 1956. A petition for rehearing was filed on November 29, 1956 and denied by the Court on December 11, 1956. The consideration of this petition on the merits extended the time for filing notice of appeal to 30 days after December 11, 1956. The notice of appeal was filed January 11, 1957, 31 days after the petition for rehearing was denied. On January 11, 1957, the plaintiff also filed a motion for a new trial, which the Court termed a motion for rehearing in its order denying same on January 21, 1957. On February 6, 1957 plaintiff filed a second notice of appeal.

 Rule 73(a) states: "The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules * * * granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59." Since the time limit for motions under Rule 59 is 10 days from the entry of final judgment, the motion of January

for rehearing was not timely. The plaintiff cannot extend his time for filing notice of appeal after that time has elapsed by the filing of a motion for a rehearing or new trial, which is itself tardy and which Rule 6(b) of the Federal Rules of Civil Procedure states cannot be extended by the District Court. The mere filing of an application for reargument of a motion for a new trial or rehearing does not itself stop the running of the time for appeal. Deena Products Co. v. United Brick & Clay Workers of America, 6 Cir., 195 F.2d 612, certiorari denied 344 U.S. 822, 73 S.Ct. 21, 97 L. Ed. 640. Equally true, the District Court's order of January 21, even if it considered the motion on the merits, cannot revive the time for filing the notice of appeal which had already expired. See Kelly v. Pennsylvania R. Co., 3 Cir., 228 F.2d 727, certiorari denied 351 U.S. 925, 76 S.Ct. 782, 100 L.Ed. 1455. When the time for appeal has elapsed, this Court has no jurisdiction of the case and none can be conferred by further action of the District Court. Waddell v. Chicago Land Clearance Commission, 7 Cir., 206 F.2d 748. The appeal must therefore be dismissed.

Appeal dismissed.