## THOMAS DAY CO. v. DOBLE LABORATORIES.

### No. 6050.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1930.

See, also, 17 F.(2d) 992.

Miller & Boyken and John H. Miller, all of San Francisco, Cal., for appellant.

Lyon & Lyon and Henry S. Richmond, all of Los Angeles, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

DIETRICH, Circuit Judge.

Appeal herein was sued out October 25, 1929, from a final decree "entered" May 27 or 28, 1929, and appellee moves dismissal thereof upon the ground that it was not taken within the statutory period (28 USCA § 230). Proper disposition of the motion turns on the effect to be given to a petition for rehearing filed by appellant and the proceedings had in relation thereto. By appellee the general rule is conceded to be that a petition for rehearing, if seasonably filed and entertained by the court, suspends the running of the time for appeal until a ruling thereon is made. But it contends that the petition here relied upon met neither of these qualifying conditions.

It seems that at the time the decree was entered there was a standing rule of the trial court (Rule 44) providing that "petitions for rehearing shall in all cases be made to the court either before the entry of * * * decree or within ten days after receiving notice thereof." The rule further provided

that the petition must be filed with the clerk and served upon the adverse party; and the adverse party is given ten days after service in which to serve and file a reply.

On May 27, 1928, counsel for both parties being present for the purpose of settling the form of a decree, the general nature of which had theretofore been indicated by the court, the district judge signed the decree and handed it to the clerk for filing and entry in the presence of counsel for both parties. Thereupon the clerk indorsed the decree as filed, but whether it was entered in the sense of being actually copied into the permanent records of the clerk's office upon May 27th or May 28th does not clearly appear. Admittedly it was so entered upon one or the other of these two days. Upon the same day appellee served upon appellant a memorandum of its costs together with a notice designating a time for the taxing of the same, but therein there was no reference to the entry of decree. Appellant's contention now is that, notwithstanding such knowledge as its attorney thus had, under the rule referred to it was entitled to formal written notice of the "entry" of the decree, and, acting upon that assumption, it did not file a petition for rehearing within ten days after the decree was entered. Not being content, however, to let the term expire without such filing, it did, on June 25th, file a petition and on the same day caused a copy thereof to be mailed to counsel for appellee at Los Angeles. Apparently no steps were taken to call the petition to the attention of the court at the March term, during which the decree was entered, or in the ensuing July term until September 3d, on which latter date appellee served upon appellant a motion to strike it from the files. This motion was denied on September 16th but, after leave obtained, the same motion was renewed on October 15th and again denied on October 21st. On October 23d, without opinion or stating any grounds, the court entered an order denying the petition for rehearing.

To have the effect of tolling the statutory limitation for appeals it is, of course, not essential that the petition for rehearing be well taken, and it would seem to follow that if it is defective in form or substance and is denied for that reason it would still have such effect. True, if it is a mere sham it may be wholly ignored; but if, acting in good faith, a party files a petition which is ultimately held deficient because it does not meet some requirement of the rules in respect of either form or substance, it operates to postpone the finality of the decree until it is disposed of. But if a petition, so wanting in form or substance, has that effect, we see no reason why the same effect should not be given to a petition sufficient in form and substance but which, upon consideration, is held not to have been filed within the time prescribed by the rules; provided the party filing same has acted in good faith and reasonably. Here the question whether the petition was filed within the time prescribed by the rules is a debatable one. A natural inference to be drawn from the two rulings of the trial court denying appellee's motions to strike is that the trial court was of the opinion that it had been seasonably filed. The members of this court are not in full agreement as to the meaning of Rule 44 or its application to the undisputed facts. There is a question whether actual knowledge on the part of counsel for appellant of the delivery by the court of the signed decree to the clerk constitutes actual knowledge of the "entry" of the decree within the meaning of the rule, whether "filing" imports "entry," and whether the rule contemplates the necessity of a formal written notice of "entry." It would seem to be unreasonable to subject appellant to the hazard of having his appeal dismissed as premature if taken before these doubtful questions are determined by a ruling upon the petition or dismissed as being too late if he awaits such ruling.

By reason of these considerations, we are constrained to the view that even should we now be of the opinion that as applied to the facts, Rule 44 imposed upon appellant the duty to file its petition not later than June 7th, the filing as made was, in the absence of other objections, effective to suspend the running of the appeal statute.

There remains the question whether the petition was "entertained" in the sense in which that term is used by the Supreme Court in defining the rule. The meaning of the term is not free from doubt, but upon consideration we are content with the conclusion reached by the Circuit Court of Appeals of the Eighth Circuit in Payne v. Garth, 285 F. 301, 309, where the cases are exhaustively reviewed.

Accordingly, the motion will be denied.