O. F. NELSON & CO., Ltd. et al. v. UNITED STATES.

GENERAL COCOA CO., Inc., et al. v. UNITED STATES.

GENERAL COCOA CO., Inc. v. UNITED STATES.

Nos. 10816, 10817, and 10818.

Circuit Court of Appeals Ninth Circuit.

Jan. 29, 1948.

834

For former opinions of the Circuit Court of Appeals, see 149 F.2d 692; 815, and 816, reversing a decree for the United States by the District Court, 51 F.Supp. 971.

Farnham P. Griffiths, Charles E. Finney, Martha T. Naylor, and McCutchen, Thomas, Matthews, Griffiths & Greene, all of San Francisco, Cal., and Bigham, Englar, Jones & Houston, of New York City, for appellants.

Peyton Ford, Asst. Atty. Gen., Frank J. Hennessy, U. S. Atty., of San Francisco, Cal. (William E. Licking, Asst. U. S. Atty., of San Francisco, Cal., and Leavenworth Colby, Atty., Dept. of Justice, of Washington, D. C., of counsel), for appellee.

Before: DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

■ These cases began in libels in admiralty in which the O. F. Nelson Co. and others were decreed not entitled to recover from the United States for damage to and destruction of certain cocoa beans while in the latter's possession on one of its lighters in the harbor of Pago Pago of the Samoan Island of Tutuila. The suits against the United States were under the provisions of 46 U.S.C. 743, 782, 46 U.S.C.A. §§ 743, 782, and hence the United States stands in the position of any private litigant.

The libelants severally appealed. The United States appeared and contested the merits of the appeals. On May 21, 1945, we reversed the decrees and remanded the cases for further proceedings.[1] The terms of this court in which our decisions became final has long since expired. No writs of certiorari were sought. The United States now appears and moves us to recall the mandates, set aside our decrees and dismiss the appeals—thus for the first time raising the question of our jurisdiction to consider the merits.

The contention upon which the motion is grounded is that the appeals were taken from decrees entered on February 4, 1944, whereas, as then appeared in the record before us, an order of dismissal (as to the three libels) had been entered on October 7, 1943, which was the final order in the cases below. Hence, it is argued, we erred in assuming these facts to confer jurisdiction upon us under the statutes providing for appeals to this court. The appellants vigorously challenge the government's contention, claiming the district court's order of October 7, 1943, to be merely interlocutory in character.

■■ It is not necessary for us to resolve this dispute, even assuming that the United States is correct in its long delayed contention. We cannot consider it now, any more than we now could entertain it if the United States had presented the same contention in 1945 when the appeals were pending before us and we then had decided, erroneously it is claimed, that the fact the appeals were from the decrees conferred jurisdiction. As stated in Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, 29, 37 S.Ct. 492, 493, 61 L.Ed. 966, "A court that ren-

---

[1] O. F. Nelson & Co. v. United States, 9 Cir., 149 F.2d 692; General Cocoa Co. v. United States, 9 Cir., 149 F.2d 815; General Cocoa Co. v. United States, 9 Cir., 149 F.2d 816.

ders judgment against a defendant thereby tacitly asserts, if it does not do so expressly, that it has jurisdiction over that defendant."

This is not a case in which we have decreed against the United States when it had not been made a party to the appeal as in Ex parte Crenshaw, 15 Pet. 119, 10 L.Ed. 682, a case relied upon by the United States.[2] Nor is it a case, like Kalb v. Feuerstein, 308 U.S. 433, 444, 60 S.Ct. 343, 348, 84 L.Ed. 370, also cited by the United States, involving the plenary power of Congress in bankruptcy, where by specific bankruptcy legislation " * * * Congress manifested its intention that the issue of jurisdiction in the foreclosing court need not be contested or even raised by the distressed farmer-debtor" and hence could be raised by him in a separate proceeding to set aside a foreclosure, though he had not appealed from the foreclosure decree.

█ Nor is it a case of after discovered fraud, where an appellate court, after the expiration of the term, has an equitable right, in a proceeding in the nature of a bill of review, to set aside its judgment on proof of fraud in its procurement as in United States v. Gomez, 23 How. 326, 340, 16 L.Ed. 552, 587, and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 1250. As stated in the latter case, in the absence of such fraud, "Federal courts, both trial and appellate, long ago established the general rule that they would not alter or set aside their judgments after the expiration of the term at which the judgments were finally entered. Bronson v. Schulten, 104 U. S. 410, 26 L.Ed. 797. This salutary general rule springs from the belief that in most instances society is best served by putting an end to litigation after a case has been tried and judgment entered." This is followed (322 U.S. on page 249, 64 S.Ct. on page 1002) by a reliance upon a quotation from Tyler v. Magwire, 17 Wall. 253, 283, 21 L.Ed. 576, that "Repeated decisions of this court have established the rule that a

final judgment or decree of this court is conclusive upon the parties, and that it cannot be re-examined at a subsequent term, except in cases of fraud, as there is no act of Congress which confers any such authority."

█ The Hazel-Atlas Glass Co. case thus recently restates the holdings in a long line of cases that a court, after the term has expired, has not the power to set aside a judgment wrongly concluding as a matter of law that the facts shown in the record conferred jurisdiction, and this although the question of the absence of jurisdiction was not raised in the trial or appellate courts assuming it. Among such cases are Washington Bridge Co. v. Stewart, 3 How. 413, 423, 11 L.Ed. 658, (cited and relied upon in Tyler v. Magwire, supra,) where on a second appeal the Supreme Court refused to entertain a motion to set aside its decision on a first appeal which had been taken from a non-appealable interlocutory order, a fact not called to its attention on the first appeal. Bank of United States v. Moss, 6 How. 31, 12 L.Ed. 331; Noonan v. Bradley, 79 U.S. 121, 129, 12 Wall. 121, 129, 20 L.Ed. 279; Bronson v. Schulten, 104 U.S. 410, 415, 26 L.Ed. 797; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U.S. 552, 559, 8 S.Ct. 217, 31 L.Ed. 202; People of State of Illinois v. Illinois Central R. Co., 184 U.S. 77, 92, 93, 22 S.Ct. 300, 46 L.Ed. 440; In re Metropolitan Trust Co., 218 U.S. 312, 321, 31 S.Ct. 18, 54 L.Ed. 1051.

However, even assuming the existence of power in the appellate court to entertain such a motion, we agree with appellants' contention that res judicata here applies. In the case of Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297, as here, the United States in 1938, through the Attorney General acting in its behalf, petitioned the court decreeing against it to set aside the decree made in 1929. There the question was 311 U.S. at page 499, 61 S.Ct. at page 328, "Whether an unappealed judgment against the Alien

---

[2] And in the similar cases of United States v. Shaw, 309 U.S. 495, 500, 60 S. Ct. 659, 84 L.Ed. 888; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235, and Munro v. United States, 303 U.S. 36, 58 S.Ct. 42, 82 L.Ed. 633.

Property Custodian under Section 9(a) of the Trading with the Enemy Act [50 U.S.C.A.Appendix, § 9(a)], on a claim to recover for a debt, may be set aside for want of jurisdiction on the ground that the beneficial owner of the claim sued on was an 'enemy' as defined by that Act".

The district court exercised the jurisdiction by determining that the property was not owned by an alien enemy. "As to the question of jurisdiction, the Circuit Court of Appeals held that the District Court upon the trial of the suit was obliged to resolve disputed questions of fact and that its decision that the jurisdictional facts were established could not be attacked collaterally. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329." The petitioner urged, 311 U.S. at page 502, 61 S.Ct. at page 328, "that the jurisdictional point was not contested or adjudicated at the trial. That, while the defendants claimed that Sielcken was a resident of Germany at the time of the war, that he owned all the capital of the partnership, and that upon his death it was the duty of the surviving partners to pay over to his executor the capital, property and business of the firm, it was not suggested that these facts raised the jurisdictional issue."

In disposing of this contention, the Court said, 311 U.S. at page 503, 61 S.Ct. at page 330, "And whether a particular issue was actually litigated is immaterial in view of the necessary conclusion that there was full opportunity to litigate it and that it was adjudicated by the decree. Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Grubb v. Public Utilities Commission, 281 U.S. 470, 479, 50 S.Ct. 374, 378, 74 L.Ed. 972; Chicot County Drainage District v. Baxter State Bank, supra; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 917, 84 L.Ed. 1263. If the District Court had erred in dealing, or in failing to deal, with any issue thus involved, the remedy was by appeal and no appeal was taken."

■ In the case of Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, at page 403, 60 S.Ct. 907, 917, 84 L.Ed. 1263, the page to which it is cited in the Irving Trust case, the Court states, "The suggestion that the doctrine of res judicata does not apply unless the court rendering the judgment had jurisdiction of the cause is sufficiently answered by Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 and Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. As held in those cases, in general the principles of res judicata apply to questions of jurisdiction as well as to other matters—whether it be jurisdiction of the subject matter or of the parties."

■ In Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329, the Court states, "The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally. * * * Whatever the contention as to jurisdiction may be, whether it is that the boundaries of a valid statute have been transgressed, or that the statute itself is invalid, the question of jurisdiction is still one for judicial determination." 308 U.S. at pages 376, 377, 60 S.Ct. at page 319.

■ We constitute one of the inferior federal courts which have "authority * * * to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act." By exercising the jurisdiction we have determined in the negative the question whether "the boundaries of a valid statute [providing for jurisdiction of appeals] have been transgressed." If it be erroneously determined, it was not reviewed by the Supreme Court. Hence that determination now "may not be assailed."

The motion is denied.