**Guy N. STAFFORD, Appellant,**

**v.**

**G. M. RUSSELL, J. R. Vaughan, Mary Pratt Sanders, John B. Madsen, Anna B. Madsen, William Van Beek, Catherine V. Van Beek, N. Louise Kimball, Bessie S. Weber, Lulu M. Reddish, Beatrice Carr Achstetter and Walter S. Binns, Appellees.**

**No. 14396.**

United States Court of Appeals Ninth Circuit.

March 30, 1955.

854

Guy N. Stafford, in pro. per.

Vaughan, Brandlin & Wehrle, Warren J. Lane, Thomas G. Baggot, J. R. Vaughn, Los Angeles, Cal., for appellees.

Before STEPHENS and FEE, Circuit Judges, and WIIG, District Judge.

STEPHENS, Circuit Judge.

A case was pending in the United States District Court and upon motion of the plaintiff Stafford, appellant here, the case was dismissed on August 21, 1953. On March 26, 1954, appellant filed a motion to vacate and set aside the order of dismissal, and on April 15, 1954, the court entered an order denying the motion.

On May 14, 1954, appellant filed a notice of appeal from the order dismissing the case, and also from the order denying his motion to vacate and set aside the dismissal.

■ It is apparent that the appeal from the order of April 15, 1954, denying the motion to vacate, was timely; but it is also apparent that the attempted appeal from the order of August 21, 1953, dismissing the case, was not timely, and the latter appeal is hereby dismissed. Rule 73, Federal Rules of Civil Procedure, Title 28 U.S.C.A.

■ To reverse the former order that denied the motion to vacate the dismissal order, we must find that the United States District Court abused its discretion in acting under Rule 60, Federal Rules of Civil Procedure, Title 28 U.S. C.A. See 3 Barron & Holtzoff Federal Practice and Procedure p. 253; Independence Lead Mines Co. v. Kingsbury, 9 Cir., 1940, 175 F.2d 983.

Rule 60, Federal Rules of Civil Procedure, reads in part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final * * * order * * * for the following reasons: (1) mistake * * * (2) newly discovered evidence * * * ■ fraud * * * (5) the judgment * * * satisfied * * * or (6) any other reason justifying relief from the operation of the judgment [or order]. * * * *"

None of the reasons for action, except "(6)", could apply here. The basis claimed for relief appears to be that appellant Stafford had been conducting his own case in the California Superior Court to quiet title to land and had been found in contempt, or had been threatened with the finding, for filing an action in the United States District Court. Upon the dismissal of the case in the federal court, the contempt proceeding in the State court was in some way adjusted. In voluminous pleadings Stafford charges that he was coerced by the state judge to file the dismissal of the federal court action.

We find no evidence whatever that the federal trial judge abused his discretion in refusing to set aside the order which complied with appellant's own request to dismiss the case. The court was given no reason why appellant waited eight months to ask the undoing of his own request, other than the ground that he acted under the coercion of the judge of the state court. There is no contention by appellant that there is any new discovery of evidence or that appellant was not fully informed of the situation when he made his motion to dismiss the case.

We have no power to go beyond the question as to whether the district court violated its sound discretion.

Order affirmed.