**Bruce GUERIN, Executor of the Estate of Paul J. Guerin, Deceased, Appellant,**

v.

**Alma Pauline GUERIN, and The Prudential Insurance Company of America, a Corporation, Appellees.**

**No. 14773.**

United States Court of Appeals Ninth Circuit.

March 28, 1956.

Maury, Larsen & Hunt, George R. Maury, Los Angeles, Cal., for appellant.

Myron W. Curzon, Adams, Duque & Hazeltine, James S. Cline, Los Angeles, Cal., for appellees.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

An action in interpleader was brought on June 16, 1953, by The Prudential Insurance Company, naming as defendants Bruce Guerin, as Executor of the Estate of Paul J. Guerin, deceased, here appellant, Alma Pauline Guerin, here appellee, and several other defendants. The complaint alleged that, pursuant to an application therefor, Prudential issued to Alma Guerin a Life Annuity Contract, wherein $246.00 was payable on April 15, 1952, and on the fifteenth day of each month thereafter until termination, to Alma Guerin, if living, and to others in event of her death. Payments were made to Alma Guerin up to and including January 15, 1953, when conflicting claims were made upon Prudential and payments were stopped. Prudential tendered $1,230.00, the amount due at the filing of the complaint, and offered to pay into court the future installments at the due date of each. Since Prudential claimed to be an indifferent stakeholder, it prayed defendants be required to interplead and each to answer the com-

plaint, that, upon payment of the money due and each installment into court, Prudential should be discharged of further liability with reference thereto "pending the future order of this Court with respect to the payment of future monthly annuity installments becoming due as above noted." A provisional and permanent injunction was asked against other litigation by defendants and particularly an action by the executor then pending in the state court against Prudential, Alma Guerin and others.

It is further prayed: "That upon a final hearing herein that plaintiff be dismissed hence with its costs incurred, including a reasonable attorney's fee, to be paid out of the interpleader funds." There is a further prayer that an order to show cause issue to defendants to show why they should not interplead and why the injunction should not be granted and made permanent.

A separate answer and cross-complaint by Bruce Guerin, as Executor, was filed, which sets up affirmative allegations against Prudential and Alma Guerin to the effect that, to the knowledge of Prudential, the funds used to purchase the annuity were impressed with a trust in the hands of Alma Guerin. The basis for jurisdiction of this affirmative proceeding is diversity of citizenship. It is alleged that Bruce Guerin is a citizen of California, Prudential a corporation of New Jersey, and Alma Guerin a citizen of Arizona. Attached to the answer and cross-complaint is the second amended complaint in the state court, wherein Bruce Guerin, as Executor, is plaintiff, and Alma Guerin and Prudential are defendants, and wherein there is allegation of the fraudulent conversion of the money belonging to the estate and that Prudential knew or had reason to know thereof, and prays among other things that Prudential be declared to hold in trust the community property interest in and to the sum of $90,000.00, or the proceeds thereof, and "that defendants and each of them be ordered to deliver to the estate of Paul J. Guerin any and all properties or assets which the Court finds said defendants hold in trust for the benefit of the estate of Paul J. Guerin, deceased."

A hearing was had upon the question of whether the preliminary injunction be made permanent, upon which the court ordered that defendants be enjoined pendente lite from commencing or prosecuting any action against Prudential except the action in the state court by Bruce Guerin, Executor, vs. Alma Guerin, above referred to. As a condition to the restraining order, Prudential was to pay into the registry the installments as these became due and to give bond therefor.

Pre-trial proceedings set for September 29, 1953, were placed off calendar subject to being reset. "All parties shall not be required to plead to any pleading until 20 days after written notice to do so." Other items not disposed of were continued until further order.

An order was then entered in the following terms:

"This cause came on regularly to be heard in open court, on plaintiff's order to show cause heretofore filed, in the courtroom of the Honorable William C. Mathes, Judge Presiding, on October 13, 1953, Messrs. Adams, Duque & Hazeltine by Henry Duque, Esq., and Waller Taylor II, Esq., appearing for plaintiff; Messrs. John S. Hunt and George R. Maury by George R. Maury, Esq., appearing for defendant Bruce Guerin, as Executor of the Estate of Paul J. Guerin, Deceased, and Bruce Guerin; J. Marion Wright, Esq., and J. E. Simpson, Esq., by J. E. Simpson, Esq., appearing for defendant Alma Pauline Guerin, also known as Alma P. Guerin; and no appearances being made on behalf of defendants Marjorie Guerin Ludwicki, Individually and as Guardian Ad Litem of Lawrence Allen Ludwicki, a minor, Albert Guerin, Della Wadlington, Alphonse Guerin, Eva Guerin Arbour, also known as Eva Bonin Guerin, C. F. Guerin, also known as Costello Guerin, also

known as Cass Guerin; and an Affidavit re Responsive Pleadings by Defendants and Request for Default Judgment having been duly submitted to the within Court pursuant to Rule 55 of Federal Rules of Civil Procedure; and default having been duly entered by the Clerk of the within Court against said defendants Marjorie Guerin Ludwicki, Individually and as Guardian Ad Litem of Lawrence Allen Ludwicki, a minor, Albert Guerin, Della Wadlington, Alphonse Guerin, Eva Guerin Arbour, also known as Eva Bonin Guerin, C. F. Guerin, also known as Costello Guerin, also known as Cass Guerin; and it being shown to the satisfaction of the Court that plaintiff has deposited with the Clerk of the within Court the sum of Two Thousand Two Hundred Fourteen Dollars ($2,214.00) as the proceeds due and owing to date of this order in the within action under Life Annuity Contract—Guaranteed Return of Purchase Price in Installments No. A 90269, issued by plaintiff to Alma P. Guerin, also known as Alma Pauline Guerin, dated March 15, 1952; and that plaintiff has offered to deposit with the Clerk of this Court the future monthly annuity payments as they shall become due under the terms and conditions of said Life Annuity Contract and has offered to post bond, if required by further order of this Court so to do, payable to the Clerk of this Court in such amount and with such surety as this Court may deem proper, conditioned upon the compliance by plaintiff with the future order of this Court with respect to such future annuity payments; and it appearing to the Court that this is a proper cause for interpleader and that plaintiff is entitled to an order as prayed for in plaintiff's complaint on file herein, except as otherwise hereinafter ordered, and good cause appearing therefor.

"It is Hereby Ordered, Adjudged and Decreed as Follows:

"1. That the default of defendants Marjorie Guerin Ludwicki, Individually and as Guardian Ad Litem of Lawrence Allen Ludwicki, a minor, Albert Guerin, Della Wadlington, Alphonse Guerin, Eva Guerin Arbour, also known as Eva Bonin Guerin, and C. F. Guerin, also known as Costello Guerin, also known as Cass Guerin, be entered according to law.

"2. That plaintiff shall deposit with the Clerk of the within Court, there to abide the further order of this Court, such future monthly annuity payments as shall become due under the terms and conditions of said Life Annuity Contract—Guaranteed Return of Purchase Price in Installments No. A 90269 and upon such deposit, shall be discharged from any further liability in connection therewith; and shall post a bond or undertaking or other security as provided by Rule 65(c) of Federal Rules of Civil Procedure [28 U.S.C.A.] in the amount of Five Hundred Dollars ($500.00), conditioned upon the compliance by plaintiff with the future order of this Court with respect to the payment of such future monthly annuity payments.

"3. That, from plaintiff's complaint herein, it appears this is a proper cause for interpleader and plaintiff has properly filed its complaint in interpleader herein, and that upon the giving of the security above required pursuant to Fed. Rules Civ.Proc. 65(c), defendants Bruce Guerin, as Executor of the Estate of Paul J. Guerin, Deceased, Bruce Guerin and Alma Pauline Guerin, also known as Alma P. Guerin, be and they hereby are, until further order of this Court, restrained and enjoined from commencing, maintaining or prosecuting any suit or suits, action or ac-

tions, or proceeding or proceedings, whether now commenced or to be commenced in the future, against plaintiff on account of said Life Annuity Contract—Guaranteed Return of Purchase Price in Installments No. A 90269 and/or the proceeds thereof; provided that this injunction shall not affect in any way the continuing and/or prosecuting of that certain action now pending in the Superior Court of the State of California, in and for the County of Los Angeles, entitled, 'Bruce Guerin, as Executor of the Estate of Paul J. Guerin, Deceased, Plaintiff, v. Alma P. Guerin, Marjorie Guerin Ludwicki, Prudential Insurance Company of America, and John Hancock Mutual Life Insurance Company, Doe One, Doe Two, Doe Three, Doe Four, and Doe Five, Defendants,' and numbered 608568 in the records and files of said Court.

"4. That no responsive pleadings by any of the parties will be required to be filed to the cross-claim (erroneously denominated cross-complaint) of defendant Bruce Guerin, as Executor of the Estate of Paul J. Guerin, Deceased, until further order of this Court, and that the pre-trial hearing set down in this Court at 10:00 a. m. on December 7, 1953, is taken off calendar subject to being restored upon further order of this Court.

"5. That the writ of execution served upon plaintiff and issued October 6, 1953, in the amount of Two Hundred Seventy-eight Dollars and Sixty-seven Cents ($278.67) in that certain action pending in the Superior Court of the State of California, in and for the County of Los Angeles, entitled 'In the Matter of the Estate of Paul J. Guerin, etc.' numbered 328051, and that the writ of execution served upon plaintiff and issued October 8, 1953, in the amount of Ninety-seven Dollars and Seventy Cents ($97.70) in that cer-

tain action pending in the Superior Court of the State of California, in and for the County of Los Angeles, entitled, 'Bruce Guerin, Plaintiff, vs. Alma P. Guerin, Defendant,' numbered SFC 676, be recalled by defendant Bruce Guerin, as Executor of the Estate of Paul J. Guerin, Deceased, forthwith.

"6. That the hearing on plaintiff's order to show cause, as to any and all matters prayed for therein and not disposed of in the within order, is continued until further order of the Court, and that said order to show cause is not discharged and that this Court expressly retains jurisdiction of plaintiff and defendants in this cause for the purpose of making such other and further orders, including orders respecting the payment of amounts hereafter becoming due under the terms and conditions of said Life Annuity Contract—Guaranteed Return of Purchase Price in Installments No. A 90269, as may be just and proper."

This order was noted upon the judgment docket October 27, 1953.

Alma Guerin then filed a motion to "apply one-half of the moneys heretofore paid in the Court herein" by Prudential to "payment of taxes on and payments upon encumbrances upon the real property owned by Alma P. Guerin" and "Release to this defendant Alma P. Guerin the remaining one-half of said moneys" for "her necessary living expenses."

The District Court allowed this motion by order docketed and entered February 24, 1955. The court expressly retained jurisdiction of the parties and the cause.

Appeal was taken February 28, 1955, by Bruce Guerin, the Executor, to this Court. Since no supersedeas bond was filed, the District Court ordered immediate disbursement of funds in accordance with the order.

On June 22, 1955, counsel for Bruce Guerin, Executor, made a motion for termination of order disbursing moneys in

accordance with the order of February 24, 1955, above noted. The court denied this latter motion by order dated July 11, 1955. This order was not signed by the judge and not docketed.

From the order last mentioned, notice of appeal was filed July 26, 1955, by Bruce Guerin, Executor, and presented with the appeal from the order of February 24, 1955.

■ Although deeply involved, Prudential did not appear on the appeals at all, but Alma Guerin, on the plea of lack of funds, appeared with a typewritten brief and oral argument of her counsel. Neither respondent suggests that the orders from which the appeals were taken were not final orders. This Court must necessarily give first consideration to this jurisdictional point, whether or not the parties raise it.

■ The first point made by the Executor is that the District Court had no jurisdiction to enter these two orders and that each was void. Assuming without deciding that an appeal would lie from a void order in the face of the language of the statute, there was here the power to hear and determine and therefore the District Court had jurisdiction. That court had all the necessary parties before it. There was a specific fund for adjudication. There were allegations in the answer of diversity of citizenship between all parties before this Court.

■ Plainly, these orders, the one which directed money to be paid out to Alma Guerin and the second refusing to rescind, were interlocutory and depended for their validity upon the entry of final judgment on all phases of the case. These do not fall in the classification of appealable interlocutory orders under the statute. 28 U.S.C.A. § 1292.

No phase of this cause has been tried on the merits under the record before this Court. The Executor is apparently responsible for the delay. The order of the trial court was that neither of the adverse parties need answer the affirmative claim of Bruce Guerin, Executor, until twenty days after notice. The record shows no such notice. The pre-trial proceedings were set several times, taken off calendar and postponed. The Executor seems to have done nothing to force the case to issue on either pleading. Prudential has never answered the counterclaim and Alma Guerin has not answered.

It is assumed, although this Court does not presently decide, that after the case has been tried upon the merits all questions could have been adjudicated relating to whether the money was properly paid to Alma Guerin, whether Prudential, alleged to be deeply compromised with Alma Guerin, was entitled to interpleader, and whether the District Court was empowered to do more than decide upon the merits whether the Executor should obtain possession of the funds for administration as to the community interest of Alma Guerin in the probate court, or whether the District Court was empowered to administer the funds which were paid in the registry. Prudential is in the position of a defendant as far as the counterclaim is concerned, and no hearing has apparently been held upon the question of whether interpleader lies where the plaintiff has placed itself under dual liability. Also, there has been no order in this case from which appeal could have been taken under the terms of 54(b), Federal Rules of Civil Procedure.

The appeals from the orders of February 24, 1955, and July 11, 1955, are dismissed, but without prejudice.