Harold YANOW, Appellant,

v.

**WEYERHAEUSER STEAMSHIP COM-PANY, a Corporation, Appellee.**

**No. 15452.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1958.

On Motion to Recall Mandate, Vacate Judgment and Dismiss Appeal

Nov. 12, 1959.

Peterson, Pozzi & Lent, Nels Peterson, Portland, Or., Gerald H. Robinson, Portland, Or., for appellant.

Lasher B. Gallagher, San Francisco, Cal., for appellee.

Upon Motions to Recall Mandate, Vacate Judgment, and to Dismiss Appeal after an appeal from the United States District Court for the District of Oregon.

Before CHAMBERS, Chief Judge, and STEPHENS, POPE, FEE, BARNES, HAMLEY, HAMLIN and JERTBERG, Circuit Judges.

POPE, Circuit Judge.

After a division of this court had heard this case and decided it upon the merits, it reversed the judgment of the district court; and after petition for rehearing filed by appellee had been re-

jected and its petition to the Supreme Court for certiorari had been denied, the appellee filed the present motions to recall mandate, to vacate judgment, and to dismiss the appeal. The same panel heard these motions and denied them. Upon a petition for rehearing of the motions it granted that petition, and on the recommendation of the majority of the judges of that division, the motions have been reheard by the court sitting en banc.[1]

The facts upon which the motions are predicated are as follows: The jury verdict in favor of defendant Weyerhaeuser was returned and filed October 25, 1956; judgment on that verdict, signed by the district judge, and bearing date October 25, 1956, was filed November 2, 1956. On November 5, 1956, after service of a copy thereof upon opposing counsel, counsel for Yanow, the plaintiff, who is the present appellant, filed in the court below a "motion for extension of time within which to file a motion for new trial." This was supported by an affidavit of plaintiff's counsel, and on the same day the court made an order that the time within which plaintiff might file his motion for a new trial was extended to and including November 20, 1956. A copy of the motion (not including proof of service,) of the supporting affidavit, and of the order granting the extension of time, are set forth in the margin.[2]

1. The chronology of the prior proceedings in this court is as follows:

December 19, 1956, appellant Yanow appealed to this court from a judgment upon a verdict for appellee Weyerhaeuser, defendant in the court below;

November 21, 1957, the division of the court mentioned above filed its opinion reversing the judgment and ordering a new trial.

January 17, 1958, petition for rehearing denied. Counsel for appellee then belatedly raised a question concerning an asserted lack of diversity of citizenship on which jurisdiction of the district court depended. This resulted in an amended opinion of February 21, 1958. Yanow v. Weyerhaeuser S.S. Co., 9 Cir., 250 F.2d 74. Appellee then petitioned to the Supreme Court for certiorari which was denied April 28, 1958, Weyerhaeuser Steamship Co. v. Yanow, 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 812.

October 16, 1958, appellee filed the present motions which were amended October 23, 1958; these amended motions are the matters now before the court.

2. [Title of District Court and Cause] "Motion for Extension of Time Within Which to File a Motion for New Trial— Comes now plaintiff and moves the court for an order extending the time to and including November 20, 1956 within which to file a motion for new trial in the above entitled cause. This motion is based upon the affidavit of Nels Peterson attached hereto and made a part hereof. Dated this 2nd day of November, 1956. (signed) Peterson & Pozzi and Berkeley Lent— Nels Peterson of Attorneys for Plaintiff."

[Title of District Court and Cause] "Affidavit—State of Oregon "County of Multnomah—ss. "I, Nels Peterson, being first duly sworn on oath depose and say that I am one of the attorneys for plaintiff in the above entitled action, and conducted trial on behalf of plaintiff; that I am informed and believe and therefore allege that Gordon Griffith, court reporter for the above entitled court, who reported the trial proceedings of the above entitled action, is unable to prepare copies of the court's instructions until on or about November 15, 1956, and such transcript is essential to the preparation of a Motion for a New Trial in the above entitled cause; that it is necessary that plaintiff be granted additional time to and including November 20, 1956, within which to file his Motion for New Trial in the above entitled cause.

"Further I Sayeth Naught.
"(signed) Nels Peterson
"Subscribed and sworn to before me this 2nd day of November, 1956.
"(signed) Janeth Wagenaar
"Notary Public for Oregon
"My Commission Expires 10–2–60."

[Title of District Court and Cause.] "Order Extending Time—Upon a Motion of plaintiff, affidavit of counsel for plaintiff, and for cause shown, "It Is Hereby Ordered that the time within which plaintiff may file his Motion for a New Trial be and hereby is extended to and including November 20, 1956. Dated this 5th day of November, 1956. /s/ Gus J. Solomon, United States District Judge. [Endorsed]: Filed November 5, 1956."

On November 20, 1956, the plaintiff Yanow served and filed a formal motion for new trial specifying and setting forth eight grounds for his motion. On December 5, 1956, a formal order denying a new trial was filed and on December 19, 1956, plaintiff served and filed his notice of appeal from the judgment and verdict for the defendant.

Appellee asserts that its motions now before us must be granted for the reason that the appeal was not taken within the time allowed by the Federal Rules of Civil Procedure. It calls attention to the provision of Rule 73(a), 28 U.S.C.A.—"* * * the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from," and notes that the judgment was dated October 25, 1956, marked filed November 2, 1956, while the notice of appeal was not filed until December 19, 1956. Appellee says that while the same rule provides that "The running of the time for appeal is terminated by timely motion made pursuant to any of the rules hereinafter enumerated," (which includes a motion for new trial under Rule 59), yet the motion for new trial filed November 20, 1956, was not timely made since Rule 59(b) provides that such a motion "shall be served not later than 10 days after the entry of the judgment", and Rule 6(b) provides that the court "may not extend the time for taking any action under rules * * * 59(b)."

It is appellee's contention that this court never acquired jurisdiction of the appeal and that all subsequent actions, including its judgment reversing the decision of the district court, were null and void.

■ It is clear that when this court first handed down its decision on November 21, 1957, and again when its amended opinion was filed on February 21, 1958, it necessarily determined that it had jurisdiction. Of course the point presently urged, namely, that the appeal was not taken within time, was not then argued or presented by either party;—the point was not raised until 11 months after the first opinion when the present motions were made on October 16 and October 23, 1958. But as stated in Stoll v. Gottlieb, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104: "Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter." [3]

■ That the appellee had not then raised the question is immaterial for as this court said in Leishman v. Associated Wholesale Electric Co., 9 Cir., 128 F.2d 204, 205: "The question is whether we have jurisdiction of the appeal. Though not raised by the parties, the question is here and has to be decided." Again in Guerin v. Guerin, 239 F.2d 909, 913, we said: "This Court must necessarily give first consideration to this jurisdictional point, whether or not the parties raise it." In short, the question of jurisdiction on appeal was necessarily a question before the court for decision.

■ Since the question of this court's jurisdiction of the appeal was thus an issue in the case, the reversal of the judgment below was a tacit determination of the court's jurisdiction and a final adjudication of that issue. If this final adjudication was erroneous, it was subject to correction upon review in a higher court, or upon rehearing in this court. But such a judgment, whether erroneous or not, becomes *res judicata*. Stoll v. Gottlieb, supra.[4]

When a district court rendered such a final judgment with respect to its own

3. "A court that renders judgment against a defendant thereby tacitly asserts, if it does not do so expressly, that it has jurisdiction over that defendant." Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, 29, 37 S.Ct. 492, 493, 61 L.Ed. 966; accord, O. F. Nelson & Co. v. United States, 9 Cir., 169 F.2d 833, 835.

4. "After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined." Stoll v. Gottlieb, supra, 305 U.S. at page 172, 59 S.Ct. at page 138. "As held in those cases, in

jurisdiction, relief therefrom is obtainable under Rule 60(b) F.R.Civ.P.[5] That rule has been made applicable to proceedings in this court by our Rule 8, subd. 1, 28 U.S.C.A., which provides: "The Federal Rules of Civil Procedure, 28 U.S.C.A., whenever applicable, are hereby adopted as part of the rules of this court." It seems plain that the motions now before us must be taken to be motions made pursuant to Rule 60(b) as adopted and made applicable to this court.

■ When these motions were first presented to the division of the court which originally decided the case, they were denied upon the ground that "such a motion cannot be considered after the term in which the judgment becomes final." The court then relied upon authorities cited in the opinion including O. F. Nelson & Co. v. United States, 9 Cir., 169 F.2d 833.[6] A rehearing of that order denying the motions was granted. In its petition for that rehearing appellee correctly demonstrated that the rule stated in the Nelson case, supra, to the effect that such motions could not be considered after the term in which the judgment becomes final, was no longer law. § 452, Title 28, U.S.C.A., adopted by the Act of June 25, 1948, provided that: "The continued existence or expiration of a term of court in no way affects the power of the court to do any act or take any proceeding." Plainly the expiration of the term has no bearing upon the power of this court to entertain or to act upon the present motions.

It is to be noted, however, that Rule 60(b) contains an express condition upon which the relief there provided for may be granted as follows: "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

If the judgment with respect to which relief is here sought were one which was truly void in the fullest sense of that term, that is to say, if it were one which was subject to collateral attack, because legally ineffective for any purpose, then it is possible that the "reasonable time" limitation might not apply. Support for that view may be found in 7 Moore's Fed.Practice, § 60.25(4), p. 274, (2nd ed. 1955).[7]

general the principles of *res judicata* apply to questions of jurisdiction as well as to other matters—whether it be jurisdiction of the subject matter or of the parties." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 917, 84 L.Ed. 1263. "One trial of an issue is enough. 'The principles of *res judicata* apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties." Treinies v. Sunshine Min. Co., 308 U.S. 66, 78, 60 S.Ct. 44, 51, 84 L.Ed. 85.

5. Rule 60(b): "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * "

6. This same case is cited, supra, note 3, upon another point. Upon the question as to the expiration of the term of court, the court quoted the following statement by the Supreme Court (169 F.2d at page 835): "Federal courts, both trial and appellate, long ago established the general rule that they would not alter or set aside their judgment after the expiration of the term at which the judgments were finally entered."

7. "The theory underlying the concept of a void judgment is that it is legally ineffective—a legal nullity; and may be va-

But the judgment here under consideration cannot be said to be a void judgment in that sense.

Appellee suggests that the matter now presented is simple in that had the court made proper inquiry concerning the matter at the time of its decision, it would have discovered that it was without jurisdiction of the appeal. Appellee states: "It is obvious that if the court had investigated the subject matter of its own jurisdiction it would have been compelled to dismiss the appeal for lack of jurisdiction." In view of this, says appellee, "everything else which has occurred, was and is a nullity * * * therefore the motions of appellee should be granted."

The problem here cannot be disposed of merely by a holding that action within the time provided by the rules is "jurisdictional." Many cases have held that the appeal time provided by Rules 59(b) and 73(a) is " 'mandatory and jurisdictional' and 'cannot be extended by * * order of the court.' " Edwards v. Doctors Hospital, 2 Cir., 242 F.2d 888, 891; Howard v. Local 74, etc., 7 Cir., 208 F.2d 930, 932; Safeway Stores v. Coe, 78 U.S. App.D.C. 19, 136 F.2d 771, 774, 148 A.L.R. 782.

The difficulty is that the word "jurisdictional" has more than one meaning. As Judge Learned Hand has observed, " 'Jurisdiction' is a treacherous word." Baltimore & O. R. Co. v. United States, D.C.N.D.N.Y., 22 F.Supp. 533, 537. Sometimes whether jurisdiction exists has been confused with the question whether the complaint states a cause of action. Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912. Thus it may properly be said that existence of diversity of citizenship or of the

requisite amount in controversy, is a prerequisite to the jurisdiction of a federal court; but it is also clear that if the court in question determines that these requirements are satisfied, and that it has jurisdiction, it is certain that such a determination, even if demonstrably wrong, is not a nullity or a truly void judgment, for it cannot be questioned collaterally.

The distinction between cases where certain facts are strictly jurisdictional in the sense that without them the act of the court is a mere nullity, and those cases in which the facts are only *quasi*-jurisdictional, is set out in Noble v. Union River Logging R. Co., 147 U.S. 165, 173, 13 S.Ct. 271, 273, 37 L.Ed. 123, as follows: "It is true that, in every proceeding of a judicial nature, there are one or more facts which are strictly jurisdictional, the existence of which is necessary to the validity of the proceedings, and without which the act of the court is a mere nullity; such, for example, as the service of process within the state upon the defendant in a common-law action." [The court here lists sundry other illustrations of the rule stated, and then proceeds]: "There is, however, another class of facts which are termed *'quasi* jurisdictional,' which are necessary to be alleged and proved in order to set the machinery of the law in motion, but which, when properly alleged, and established to the satisfaction of the court, cannot be attacked collaterally. With respect to these facts, the finding of the court is as conclusively presumed to be correct as its finding with respect to any other matter in issue between the parties. Examples of these are the allegations and proof of the requisite diversity of citizenship, or the amount in

cated by the court which rendered it at any time. Laches of a party cannot cure a judgment that is so defective as to be void; laches cannot infuse the judgment with life. Further, it may, when appropriately called in question, be adjudged void in any collateral proceeding, and this collateral attack may be made at any time. Since a federal judgment that is void can be so collaterally attacked, and

since the judgment sustaining the collateral attack would have to be given effect in a subsequent 60(b) (4) motion to set the federal judgment aside as void, the 'reasonable time' limitation must generally mean no time limit, although there may be exceptional situations where the reasonable time limitation would require diligence on the part of the movant."

controversy in a federal court, which, when found by such court, cannot be questioned collaterally, * * * the existence and amount of the debt of a petitioning debtor in an involuntary bankruptcy, * * * the fact that there is insufficient personal property to pay the debts of a decedent, when application is made to sell his real estate, * * * the fact that one of the heirs of an estate had reached his majority, when the act provided that the estate should not be sold if all the heirs were minors, * * * and others of a kindred nature, where the want of jurisdiction does not go to the subject-matter or the parties, but to a preliminary fact necessary to be proven to authorize the court to act."

■ Where the facts upon which jurisdiction depends are *quasi* jurisdictional in the sense here described, the determination by the court of its jurisdiction is, in the language of the case just cited, conclusive and binding in every collateral proceeding; and it matters not that the court's determination of its own jurisdiction is arrived at in error, even though the error of adjudication is apparent upon the face of the record.[8]

We are compelled to inquire whether the timeliness of the appeal is only a *quasi* jurisdictional requisite, not because we deal here with an attempted collateral attack upon the judgment,— plainly the attack here is a direct one,— but because we deem it essential to determine which of the six subdivisions in Rule 60(b), (footnote 5, supra), we must here apply.

Appellee apparently proceeds upon the theory that subdivision (4), "The judgment is void", is the applicable section here. We are of the opinion that it is not; we think that the lack of timeliness of the appeal resembles a lack of diversity of citizenship in that it is an irregularity in the nature of a *quasi* jurisdictional requisite.

■ As stated in American National Bank & Trust Co. of Chicago v. Taussig, 7 Cir., 255 F.2d 765, 769: "Rule 60(b) (4) applies only to void judgments." That was a case in which the jurisdictional question was whether a certain party was a resident of the United States or of an enemy country, Germany. If the latter were true, recovery was barred under the applicable Act. The court awarded a judgment against the Alien Property Custodian, and later the Attorney General moved to vacate the judgment on the ground that the court lacked jurisdiction because the party was in fact a resident of Germany. It was held that the court's judgment finding that it had jurisdiction to award it, was "not void, and the same are *res judicata* in this case." The court relied upon the statement in Treinies v. Sunshine Mining Co., supra, which we have quoted.[9]

8. Abraham v. Homer, 102 Okl. 12, 226 P. 45, 47–48: "All such facts not constituting proof of the existence of the subject-matter, nor of the cause of action, but conditions precedent to the right of the court to proceed after it has acquired jurisdiction over the subject-matter and of the person, are known as quasi jurisdictional facts. Their existence the court does not merely assume, but adjudicates for its jurisdiction to so do is created by the law and the jurisdictional facts. It is usually of no great importance to distinguish whether a given fact is a quasi jurisdictional fact or a fact constituting a part of a cause of action, because the court, otherwise with jurisdiction, has the same power to adjudge the existence of the former as it has of a cause of action, and its adjudication in neither regard is subject to collateral attack, even when the error of the adjudication is apparent upon the face of the record. On the making of proper distinction between quasi jurisdictional facts and jurisdictional facts often rests the determination of the validity of a judgment."

9. In the early case of Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U.S. 552, 8 S.Ct. 217, 220, 31 L.Ed. 202, it was claimed that the record showed there could be no jurisdiction in a circuit court of the United States to entertain a case removed from a state court since it appeared affirmatively that one of the defendants was a citizen of the same state with the plaintiff. The court said: "To determine whether the suit was removable in whole or in part or not, was certainly within the power of the circuit court. The decision of that question was the

■ We hold therefore that the judgment of this court was not a nullity or void, and hence that appellee's motions are not properly made under subdivision (4) of Rule 60(b); rather, they come within the general language of subdivision (6) referring to "any other reason justifying relief from the operation of the judgment." The significance of this conclusion is that the qualification of the rule to the effect that the motion shall be made within a reasonable time must be satisfied here if the appellee is to prevail.

Recently, in the case of Patapoff v. Vollstedt's Inc., 267 F.2d 863, 866, this court had occasion to consider and apply subdivision (6) of Rule 60(b) holding that under the circumstances of that case the relief prayed for by the moving party should have been granted under that subdivision. In reaching that conclusion this court took pains to make note that the applicant in presenting her motion "made that showing very promptly." There the motion to vacate, under the Rule, was made 10 days after the order against which it was directed.

■ It is clear that appellee was required to present these motions within a reasonable time. It is equally clear that appellee's delay of almost 11 months after the date of the original decision in this case, (November 21, 1957 to October 16, 1958) was such that it cannot be said that the motion was made within a reasonable time. (This was a substantially longer time than the eight months which we held to be an unreasonable time in Stafford v. Russell, 9 Cir., 220 F.2d 853, 885.) During this interval appellee was calling upon the court to consider the question of jurisdiction of the trial court and its efforts in this direction led to the

filing of the amended opinion. It imported a new attorney who noted his appearance here January 22, 1958. It proceeded to petition for certiorari and at all those times counsel must have had occasion to consider, or have in mind, the basis for jurisdiction not only in the court of first instance, but in this court. It had frequent occasion to sift the record. Seemingly it never occurred to the appellee to present the jurisdictional matter now urged until October 16, 1958. These are among the circumstances which we have in view in holding that more than a reasonable time had elapsed.

We have assumed for the purpose of this decision that the record before us showed upon its face that there was not a timely appeal taken to this court. As we have above suggested, this would indicate that the court's determination of its own jurisdiction to entertain the appeal was an erroneous one, but it is insufficient to show that it was a void one.

What we have said, upon the basis of that assumption, sufficiently disposes of this matter. However, there is another, alternative view of the facts and the law of this case which while unnecessary to this decision, nevertheless points to an additional basis for our action here. There is a line of decisions in the federal courts which would indicate that there exists here at least a colorable basis for a holding that the appeal was taken within time.

Under Rule 73(a) "The running of the time for appeal is terminated by a timely motion made pursuant to * * * Rule 59." Where such a motion for new trial has been made, and is denied, the appellant has 30 days after the entry of the order denying a new trial, to give notice of appeal. It is true that the formal motion for new trial here was not made until

exercise, and the rightful exercise, of jurisdiction, no matter whether in favor of or against taking the cause. Whether its decision was right, in this or any other respect, was to be finally determined by this court on appeal. As the circuit court entertained the suit, and this court, on appeal, impliedly recognized its right to do so, and proceeded to dispose of the

case finally on its merits, certainly our decree cannot, in the light of prior adjudications on the same general question, be deemed a nullity. It was, at the time of the trial in the present case in the court below, a valid and subsisting prior adjudication of the matters in controversy, binding on these parties, and a bar to this action."

November 20, 1956. Prior to that time, however, the appellant filed the motion papers set forth in footnote 2, supra. In these he moved the court for an order "extending the time to and including November 20, 1956 within which to file a motion for new trial in the above entitled case." Of course no grounds for the anticipated motion for new trial are stated, although the affidavit in support thereof suggested that counsel expected his motion to be based upon some matter relating to the court's instructions.

However, there is a considerable body of authority indicating that in determining whether an attempted appeal has been accomplished, most informally drawn papers and improperly labeled documents have been held sufficient to accomplish the apparent objective of taking an appeal or of making a motion for a new trial. Thus a petition for rehearing has been held equivalent to a motion for new trial. Fraser v. Doing, 76 U.S. App.D.C. 111, 130 F.2d 617; The Astorian, 9 Cir., 57 F.2d 85, 87; a waiver of notice of appeal by the appellee, when filed, has been held an acceptable substitute for a regular notice of appeal, Crump v. Hill, 5 Cir., 104 F.2d 36; [10] a petition for mandamus was accepted as a sufficient notice of appeal notwithstanding it was filed in the appellate rather than the district court. Jordan v. United States District Court, 98 U.S. App.D.C. 160, 233 F.2d 362, 365; [11] an application made in the court of appeals for leave to appeal in forma pauperis has been held "an unequivocal notification of intention to appeal and therefore a 'notice of appeal' sufficient to give this court jurisdiction." Blunt v. United States, 100 U.S.App.D.C. 266, 244 F.2d 355, 359. See in accord Burdix v. United States, 9 Cir., 231 F.2d 893, 894; Roth v. Bird, 5 Cir., 239 F.2d 257.[12] Our decision in Mondakota Gas Co. v. Montana-Dakota Utilities Co., 194 F.2d 705, 706, is out of line with those cases, but it was expressly disapproved in Parissi v. Telechron, Inc., 349 U.S. 46, 47, 75 S.Ct. 577, 99 L.Ed. 678. More in line with the presently prevailing view is Cutting v. Bullerdick, 9 Cir., 178 F.2d 774, 775.[13]

It is thus apparent that had this court been presented with a motion

10. In Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 2 Cir., 159 F. 2d 163, 166, Judge Hand commented upon this case as an illustration of compliance with what he there described as the minimum requirements of a notice of appeal under Rule 73(a) as follows: "[S]ome paper must be filed in at least one court or the other, to constitute a notice of appeal. * * * The least requirement, which will be tolerable, is that some paper shall be accessible in the records of a court upon which both judges and parties can rely."

11. This case is interesting in that the Supreme Court granted certiorari, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114, something it would hardly have done had it not been satisfied with the jurisdiction of the court of appeals.

12. Cf. Lemke v. United States, 346 U.S. 325, 326, 74 S.Ct. 1, 98 L.Ed. 3, in which the Supreme Court held that a notice of appeal filed before judgment was entered was not so premature as to defeat appellate jurisdiction because it was still on file when the proper date arrived, and at that time gave full notice of appeal. Hence it was an irregularity not affecting substantial rights under Rule 52(a) of the Criminal Rules, 18 U.S.C.A. (Cf. Rule 61, F.R.Civ.P.: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.") See also Boyden v. Webb, 9 Cir., 208 F.2d 201, 203, holding that on appeal from an order denying habeas corpus the filing in the court of appeals of an application for a certificate of probable cause within the 30 day period mentioned in Rule 73(a) presented a timely appeal. Also in accord with Blunt v. United States, supra, are Gerringer v. United States, 93 U.S. App.D.C. 403, 213 F.2d 346; West v. United States, 94 U.S.App.D.C. 46, 222 F.2d 774, all cases in which there was held to be a sufficient notice of appeal although the paper was labeled a motion for leave to appeal in forma pauperis and in each case the document was filed in the wrong court.

13. In that case the paper filed, and held an adequate notice of appeal, recited: "You will please take notice that on Friday the 6th day of May, 1949, at ten o'clock A.M. of said day * * * the defendants will move the Court for an order staying all execution proceedings on the part

to dismiss the appeal on or before the date the case was first argued on its merits, it might well have noted the decisions we have just mentioned,—decisions holding that an attempted appeal may be held to be effective and timely notwithstanding the papers filed are given the wrong names, do not use the word "appeal", are filed in the wrong court, or otherwise fail strictly to conform to the language of the rules. Those cases in principle would support a holding that the motion filed November 5, 1956 could be treated as a motion for a new trial even though it was not labeled as such, and failed to state the grounds for the intended motion. Thus, it might satisfy the requirements of Rule 59(b) relating to service not later than 10 days after the entry of the judgment. Under such a holding that motion would suspend the running of the time for appeal under the provisions of Rule 73(a).

The rationale of the cases relating to informal or irregular appeals is that notwithstanding the papers filed were inaptly worded, or labeled, or even failed to use the word "appeal", or were filed in the wrong court, yet they sufficed to show the party intended to appeal. Similarly, the application for time in which to move for a new trial gave notice of appellant's intent to so move, and was an initiation of efforts to that end.

This motion was served on November 2, 1956. We have noted that the judgment was dated October 25, 1956 and filed November 2, 1956. If we were to assume that the "entry" of the judgment occurred on October 25 and the motion was made on November 5, 1956, the date of its filing, this would be within the 10 days specified, for November 4 was a Sunday.

It is true that the motion for an extension of time within which to file a motion for new trial stated no grounds for which a new trial would be sought; but the fact that this motion, considered as an inartificially drawn motion for new trial was so defective that it could not properly be granted, would not serve to render it non-existent. This court has held that in order to suspend the running of the 30 day appeal period allowed by Rule 73(a) a motion for new trial need not be granted or even be grantable. Thomas Day Co. v. Doble Laboratories, 9 Cir., 41 F.2d 51, 52 [14]; The Astorian, supra.

It is unnecessary here to determine, and we do not purport to decide, whether the court would have been correct in holding, had the matter arisen upon a motion to dismiss the appeal, that the motion for an extension of time within which to move for a new trial should be treated as itself a motion for new trial. All that we here note is that a decision to that effect would at least have had a colorable basis in the decisions.[15]

If the motion filed November 5, 1956, may properly be treated as itself a motion for new trial, the question arises as to what effect, if any, must be given

of the plaintiffs in the above-entitled action on the grounds that the defendants feeling themselves aggrieved by the judgment made and entered on the 8th day of April, 1949, in the above entitled cause, desire to post a supersedeas bond and perfect an appeal." While the court based its holding on the fact that the law relating to appeals from Alaska was uncertain, yet it said: "The rule of strict construction does not apply to the acquiring of jurisdiction by an appellate court. On the contrary, the steps taken for an appeal are to be liberally construed as appears from the cases cited infra."

14. "To have the effect of tolling the statutory limitation for appeals it is, of course, not essential that the petition for rehearing be well taken, and it would seem to follow that if it is defective in form or substance and is denied for that reason it would still have such effect."

15. In arriving at a conclusion that such a colorable basis could be found, we have relied upon the decisions of this court in Thomas Day Co. v. Doble Laboratories, supra, and The Astorian, supra. Even if those decisions were wrong, the judgments entered thereon were not void. We note that there are cases which disagree with those decisions, as for instance, Fine v. Paramount Pictures, 7 Cir., 181 F.2d 300. On the other hand, Kelly v. Pennsylvania R. Co., 3 Cir., 228 F.2d 727,

the formal motion for new trial of November 20, 1956. It may be considered an attempted amendment or enlargement of the earlier motion. Of course, the addition then of new grounds for the motion would be ineffective, but as suggested by our decisions in Thomas Day Co. v. Doble Laboratories, and The Astorian, supra, the motion though still ineffective, was not necessarily non-existent. This means that when the formal motion was denied on December 5, 1956, this was the date of denial from which time the 30 days would be computed, making the December 17, 1956 notice of appeal a timely one.

■ Our disposition of this case makes it unnecessary to consider whether, on the facts shown, there is here "any * * * reason justifying relief" within the meaning of subdivision (6) of Rule 60(b); that is to say, whether action by us under this "other reason" clause would be an exercise of a power there granted. That clause, in the language of Mr. Justice Black in Klapprott v. United States, 335 U.S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 266, "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." [16] We do not reach that question here.

If relief were to be granted under Rule 60(b) it must be applied for under the provisions of subdivision (6) of that Rule. Hence, the application must be made within a reasonable time. As we hold that such application was not made within a reasonable time, the motions must be denied.

It is so ordered.

FEE, Circuit Judge, did not participate in the decision of this case.

would appear on principle to support the view taken in the decisions of this court just mentioned.

16. The suggestion on that question proceeds as follows: The motions here, as in the case of similar motions in the District Court under 60(b) (6), are addressed to the "sound legal discretion of the * * * court," Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d

983, 988; Stafford v. Russell, 9 Cir., 220 F.2d 853, supra. When a motion is presented under subdivision (6) the question is whether the vacating of a judgment "is appropriate to accomplish justice." Klapprott v. United States, supra; L. M. Leathers' Sons v. Goldman, 6 Cir., 252 F.2d 188, 190. Tacitly holding it had jurisdiction this court held appellant entitled to a new trial. To deny him that new trial would not "accomplish justice."